UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLY POMPY,

     Plaintiff,

v.

MONROE BANK AND TRUST,
SUSAN MEHREGAN, THOMAS
SCOTT, TINA TODD, JESSICA
CHAFFIN, JACK VITALE, MARC
MOORE, ROBERT BLAIR, JON
LASOTTA, SHAWN KOTCH,
BRIAN BISHOP, BLUE CROSS
BLUE SHIELD OF MICHIGAN,
BLUE CROSS BLUE SHIELD OF
MICHIGAN MUTUAL INSURANCE
COMPANY, BLUE CROSS
COMPLETE OF MICHIGAN, BLUE
CROSS COMPLETE OF MICHIGAN
LLC, MICHAEL ZSENYUK, JIM
GALLAGHER, BRIAN ZASADNY,
JAMES HOWELL, DIANE SILAS,
CARL CHRISTENSEN, J. ALAN
ROBERTSON, SHELLY
EDGERTON, SEAN
SIEBIGTEROTH, KIM GAEDEKE,
VAUGHN HAFNER, DINA YOUNG,
RAY KISONAS,

     Defendants.

_____/

Case No.: 19-10334

David M. Lawson
United States District Judge

Michael J. Hluchaniuk
United States Magistrate Judge

**REPORT AND RECOMMENDATION:**
**MOTIONS TO DISMISS (ECF Nos. 20, 28, 35, 37, 46)**

## I.    PROCEDURAL HISTORY

Plaintiffs Lesly Pompy and Interventional Pain Management Associates, P.C., brought this action *pro se* alleging violations of various federal and state laws against 28 defendants.  (ECF No. 1).  On April 4, 2019, District Judge David M. Lawson dismissed without prejudice the corporate entity plaintiff because the entity was not represented by counsel.  (ECF No. 32).  Pompy is the only remaining plaintiff.  Judge Lawson referred this case to the undersigned for screening and for all pretrial matters.  (ECF No. 61).  The "Monroe County defendants"—Robert Blair, Jessica Chaffin, Jon LaSotta, Tina Todd, and Jack Vitale—filed an answer to the complaint.  (ECF No. 19).  The remaining defendants filed motions to dismiss.  (ECF Nos. 20, 28, 35, 37, 46).  These defendants are grouped as follows:

- The "MBT defendants" are Monroe Bank & Trust ("MBT") and the two employee defendants, Susan Mehregan and Thomas Scott;

- The "State defendants" are Robert Blair,[1] Shelly Edgerton, Kim Gaedeke, Vaughn Hafner, Marc Moore, Sean M. Siebigteroth, and Dina Young;

---

[1] Blair is a party to the answer filed by the Monroe County defendants, (ECF No. 19), and a party to the State defendants' motion to dismiss filed later.  (ECF No. 28).  The CM/ECF case caption reflects that he is represented by counsel for the State defendants and counsel for the Monroe County defendants.  It is not altogether clear whether Blair means to answer the complaint or file a motion to dismiss, and who represents him.  He cannot both answer the complaint and file a motion to dismiss in the order he is attempting here.  A motion to dismiss under Rule 12(b)(6) must "be made before pleading."  Fed. R. Civ. P. 12(b).  Post-answer motions to dismiss are untimely.  *McGlone v. Bell*, 681 F.3d 718, 728 n.2 (6th Cir. 2012) ("Defendants filed an untimely motion to dismiss pursuant to Federal Rule of 12(b)(6), as it was filed after Defendants' Answer.").

- The "Blue Cross" defendants include entities Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Michigan Mutual Insurance Co., Blue Cross Complete of Michigan, Blue Cross Complete of Michigan, LLC, and individuals Carl Christensen, Jim Gallagher, James Howell, J. Alan Robertson, Diane Silas, Brian Zasadny, and Michael Zsenyuk;

- Defendants Brian Bishop and Shawn Kotch are the "federal defendants;"

- Defendant Ray Kisonas is the remaining defendant.

Pompy filed responses to these motions.  In conjunction with various responses to the motions to dismiss, Pompy included cross-motions combined with his responses.  The cross-motions were terminated as improperly filed.  (*See* ECF Nos. 25, 34, 48, 52, 58).  Pompy also filed sur-replies in support of his opposition to two motions to dismiss.  (ECF Nos. 55, 66).  These sur-replies were stricken. (ECF No. 58).

## II.    THE COMPLAINT

Pompy's complaint is a 189 page, 2,218 paragraph prolix and disjointed document.  (ECF No. 1).  From what can be discerned, the pertinent factual bases of the complaint are as follows.  Pompy was a licensed medical doctor specializing in anesthesiology and pain management.  (ECF No. 1, PageID.2, ¶ 1, 5).  In January 2016, Blue Cross[2] initiated an investigation into Pompy's pain medication prescription and billing practices.  This investigation included using an undercover

---

[2] When Pompy refers to "Blue Cross" in his complaint, he is referring to all the corporate Blue Cross defendants.  (*See* ECF No. 1, PageID.1).

3

employee, defendant Howell, to pose as a pain management patient in Pompy's office. (*Id.* ¶ 87-89). In September 2016, the judge and magistrate defendants (Todd, Vitale, Chaffin) authorized a number of search warrants. (*See* ¶¶ 25, 27, 28). One of these warrants was directed at MBT and Pompy's bank accounts. In response to the warrant, MBT froze his accounts and provided financial information to law enforcement. (¶ 539-541). Other warrants were for the search of Pompy's office and home. Both state and federal law enforcement officers, including the law enforcement defendants, were involved in the searches. (¶ 106).

According to Pompy, the initiation and execution of the investigation were illegal or improper. Pompy asserts that the search warrants were invalid because the affidavits were overbroad, the warrants were overbroad, and the issuing magistrates did not have authority to issue search warrants. He claims that Blue Cross's investigation was illegally conducted because Howell, the undercover "patient," recorded his visits with Pompy and shared information with Blue Cross and the police. (*Id.* ¶ 60-66, 91). He takes issue with the manner in which the officers conducted the searches of his office and home, claiming they used excessive force (because the officers were yelling and wielding guns during the office raid, scaring his patients), and that he was falsely imprisoned and questioned without the presence of an attorney for hours without water or breaks, and that his home was searched without probable cause. (*Id.* ¶ 119-20, 124). Because of the

"unlawful" investigation and information learned from execution of the "invalid" search warrants, Pompy's medical license was suspended in state court. (*Id.* ¶ 232). He wants the suspension overturned, as well as monetary damages.

He alleges violations of state and federal law. These include, but are not limited to, violations of the First, Fourth, Fifth, and Sixth Amendments to the United States Constitution, violations of various parts of the Michigan constitution, and violations of the Computer Fraud and Abuse Act and the Health Insurance Portability and Accountability Act (HIPAA).

A federal criminal action was commenced against Pompy on June 26, 2018, wherein he was indicted for controlled substances and health care fraud violations. (Case No. 18-cr-20454).

## III.   ANALYSIS AND RECOMMENDATIONS

### A.   Rules 8 and 10

In support of their motions to dismiss, the State defendants, federal defendants, and defendant Kisonas argue that Pompy's complaint violates Federal Rule of Civil Procedure 8. Though complaints filed by *pro se* litigants are to be construed liberally, they insist that a self-represented litigant must still comply with the basic pleading rules. They argue that the complaint is too long and confusing, and contains too many details to properly respond to. The State defendants contend that the complaint is far too long and verbose to be considered

a "short and plain statement of the claim."  (ECF No. 28, PageID.490).  The federal defendants say that it is not clear which claims were brought by Pompy himself, and which were brought by the corporate defendant that was dismissed. (ECF No. 46, PageID.742-43).  Kisonas says the allegations in the pleading are "disjointed and riddled with improper conclusions of law."  (ECF No. 37, PageID.636).  He argues that the complaint does not provide him with fair notice of the cause of action he is called to defend.  For example, in one part of the complaint, Pompy "hints at" claims of defamation and false light against Kisonas, but the only "Count" against him is titled "Dr. Pompy Committed No Criminal Offense."  (*Id.* at PageID.637).

Pompy's responses to the motions to dismiss essentially restate the claims in his complaint and do not address the substance of the defendants' arguments. (ECF Nos. 25, 34, 47, 48, 50).  The responses are relatively long and wind through restating his factual allegations and making conclusory statements of law.

As defendants point out, the Federal Rules of Civil Procedure require that a complaint (1) contain "a short and plain statement of the claim," and (2) "be simple, concise, and direct." Fed.R.Civ.P. 8(a), (e).  Here, plaintiff's complaint violates Rule 8(a).  "What constitutes a short and plain statement must be determined in each case on the basis of the nature of the action, the relief sought, and the respective positions of the parties in terms of the availability of information

and a number of other pragmatic matters."  5 Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure § 1217 at 240-41 (3d ed. 2004).  A plaintiff

properly pleads a claim for relief by "briefly describing the events" supporting the

claim.  *Peabody v. Griggs*, 2009 WL 3200686, *3 (D. R.I. 2009) (quoting *Sanjuan*

*v. American Bd. Of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.

1994)).  The statement of the claim should be short because "unnecessary length

places an unjustified burden on the court and on the party who must respond to it."

*Id*. (quoting *Laurence v. Wall*, 2007 WL 1875794, *1 (D. R.I. 2007)); *see also*

Wright & Miller § 1281 at 709 ("[u]nnecessary prolixity in a pleading places an

unjustified burden on the district judge and the party who must respond to it

because they are forced to ferret out the relevant material from a mass of

verbiage").  "The statement should be plain because the principal function of

pleadings under the Federal Rules is to give the adverse party fair notice of the

claim asserted to enable him to answer and prepare for trial."  *Id*. (quoting

*Laurence*, 2007 WL 1875794 at *1).

　　　As noted by several courts, this principle is particularly significant because a

defendant is required, pursuant to Rule 8(b), to "plead one of three alternatives in

response to <u>all</u> of the allegations in a complaint..."  *Id.* (emphasis added) (quoting

*Indiana Regional Council of Carpenters Pension Trust Fund*, 2006 WL 3302642,

*2 (N.D. Ind. 2006)); *see also Calderon-Garnier v. Sanchez-Ramos*, 439 F. Supp.

2d 229 (D. P.R. 2006), *aff'd*, 506 F.3d 22 (1st Cir. 2007).  A complaint violates

Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot

identify with clarity the claim(s) of the pleader and adjudicate such claim(s)

understandingly on the merits."  *Brown v. Suppes*, 2016 WL 7242146, at *2 (E.D.

Mich. Dec. 15, 2016) (quoting *Harrell v. Directors of Bureau of Narcotics &*

*Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v.*

*Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court

did not abuse its discretion in dismissing "rambling" 119-page complaint); *Kuot v.*

*Corrections Corp. of America*, 2018 WL 655158 (M.D. Tenn. Feb. 1, 2018)

(Finding 143-page, "rambling, repetitive, and far-reaching" complaint violated

Rule 8 and requiring the plaintiff to file an amended complaint); *Flayter v.*

*Wisconsin Dep't of Corr.*, 16 Fed. Appx. 507, 509 (7th Cir. 2001) (dismissing 116-

page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs.,*

*Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to

dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that

"[a] complaint that is prolix and/or confusing makes it difficult for the defendant to

file a responsive pleading and makes it difficult for the trial court to conduct

orderly litigation"); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating

that a complaint "must be presented with clarity sufficient to avoid requiring a

district court or opposing party to forever sift through its pages"); *Michaelis v.*

*Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

The requirement of a short, plain statement of the claim and entitlement to relief was not supplanted by the pleading standards set forth in *Twombly/Iqbal*. *See e.g.*, *Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-83 (7th Cir. 2008) ("Although *Twombly* retooled federal pleading standards ... and retired the oft-quoted *Conley* motion to dismiss no set of facts standard, *Twombly* did not supplant the basic notice-pleading standard.") (internal quotation marks omitted); *see also Hensley Manufacturing v. Propride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Indeed, a "plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests...." *Tamayo*, 526 F.3d at 1083 (internal quotation marks and citation omitted). *Twombly* specifically provided that "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, a complaint only survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009), quoting *Ashcroft v. Iqbal*, 556 U.S. 662; 129 S.Ct. 1937, 1949 (2009).

Thus, in the wake of *Twombly* and *Iqbal*, a complaint must still comply with Rule 8(a), which prohibits excessively detailed, unnecessarily complicated, argumentative, and extraneous facts. *See e.g.*, *Lease v. Fishel*, 2009 WL 922486, \*2 (M.D. Pa. 2009) (The "mash of allegations [in this complaint] read more like a novel than a legal pleading and frequently digress into improper argumentative detail."); *Fritz v. County of Kern*, 2009 WL 382741, \*2 (E.D. Cal. 2009) (a "complaint is not a novel - background allegations and evidentiary detail are simply unnecessary and violate Rule 8(a)(2)."). The undersigned concludes that plaintiff's complaint contains far too much detail, extraneous information, and vague and confusing claims. "[A]any claims that may meet the pleading requirements of Rule 8(a) as clarified by *Iqbal* and *Twombly* are simply lost in the sea of insufficiently pled or wholly unsustainable claims." *Dumas v. Hurley Medical Center*, 2011 WL 1465785, \*1 (E.D. Mich. Apr. 18, 2011).

The complaint in this case is 189 pages and 2,218 paragraphs long. To be sure, the undersigned is not suggesting that the complaint is wholly incomprehensible. As demonstrated above, the undersigned and the defendants were able to draw out what appears to be the pertinent facts from the sea of overly detailed, rambling factual assertions. However, this understanding of the facts comes from about the first 30 pages of the complaint. Reading all 189 pages and 2,218 paragraphs is a rather daunting task, though it is entirely possible that there

10

are additional pertinent facts later in the complaint.  This length and amount of detail is unnecessary as the basic facts and claims that can be discerned are not overly complex.

After the long and winding statement of facts, there is a section of roman numerals containing the "common allegations" against each of the defendants, beginning with numeral VIII and ending at XXX.  (ECF No. 1, PageID.44-101).  Often included in these allegations are statements of violations of law.  (*See* ECF No. 1, PageID.92, allegations against defendant Kotsch).  The roman numeral section is followed by a section of 43 "Counts" against the defendants.  (ECF No. 1, PageID.102-77).  There are some relatively clear claims in this section, but they are often couched in between or pled alongside vague or conclusory claims and confusing factual development, if any factual development.  For example, Pompy claims that MBT violated M.C.L. § 487.691 by not timely providing him notice of the search warrants (what he says are the "adverse claims" under the statute) directed at his bank accounts.  (ECF No. 20, PageID.407; ECF No. 1, PageID.146).  Pompy made it clear that he was bringing a claim under that Michigan statute.  However, within this same Count, he also references MBT's alleged negligence, breach of fiduciary duty, and breach of contract without any factual development to support these possible claims.  (*Id.* at PageID.146-48).  As another example of the confusing nature of the complaint, in roman numeral XV, plaintiff brings a

false light claim against defendants Moore and Kisonas for allegedly publishing false information arising out of the September 2016 search warrants and allegations of criminal conduct.  (ECF No. 1, PageID.59-62).  However, the only "Count" that appears to name Kisonas, Count 36, is an argument that Pompy "committed no criminal offenses under federal statutes," which is not a cause of action.[3]  (ECF No. 1, PageID.163-66).

Moreover, he cites a litany of state and federal laws—*e.g.*, fraud, breach of fiduciary duty, a claim under the ADA—without any attempt to allege facts that might forge a link between these laws and a viable cause of action.  Indeed, some of his claims are not causes of actions.  For example, he alleges that defendants Moore and Howell framed him (ECF No. 1, PageID.189) and be brings a claim for collateral estoppel (*Id.* at PageID.156).  "Framing" and collateral estoppel are not causes of action.  He also alleges violations of criminal law (*see, e.g.,* ECF No. 1, PageID.161-62), which he has no authority to bring,[4] and statutes that do not confer a private right of action, such as HIPAA (*see, e.g.,* ECF No. 1, PageID.72, ¶ 468).[5]

---

[3] All of the defendants who brought motions to dismiss address only the allegations found in the "Counts."  None of these defendants address allegations made elsewhere in the complaint.

[4] *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (holding that a private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Saro v. Brown*, 11 Fed. Appx. 387 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

[5] Courts consistently hold that HIPAA does not create a private right of action.  *Payne v.*

The undersigned acknowledges that "[p]ro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Marting v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedures. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Song v. Gipson*, 2011 WL 1827441, at *4 (6th Cir. May 12, 2011); *Brown v. Matauszak*, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaints for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading;") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975); *Payne v. Secretary of Treas.*, 73 Fed. Appx. 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her."). Despite Pompy's *pro se* status, given the incomprehensible nature of his complaint, the undersigned suggests that the defendants' motions to dismiss be granted and that the complaint be stricken and

---

*Boulter*, 2013 WL 5902737, at *4 (E.D. Mich. Oct. 31, 2013) (citing various Circuit opinions saying the same); *Moore v. Tri-City Hosp. Found.*, 623 Fed. Appx. 500, 501 (9th Cir. 2015) ("The district court properly dismissed Moore's claim under [HIPAA] because 'HIPAA ... does not provide for a private right of action.'") (quoting *Webb v. Smart Document Sols.*, LLC, 499 F.3d 1078, 1082 (9th Cir .2007).

that Pompy be allowed a period of time in which to file an amended complaint that complies with the Federal pleading rules.

      B.    <u>MBT defendants' Motion to Dismiss</u>

As stated above, Pompy presents the claims in his complaint in two different sections: an "allegations" section and a section containing "counts" against the various defendants.  He lists a number of claims against the MBT defendants—defendants Monroe Bank & Trust, Susan Mehregan, and Thomas Scott—in the allegations section (ECF No. 1, PageID.83-86) and a single count (*Id.* PageID.146-48, Count 28) against MBT.  MBT defendants argue that Pompy failed to state a claim against them.  (ECF No. 20).

In the view of the undersigned, Pompy failed to state a claim against either of the MBT defendants in the allegations section of the complaint.  In this section, he says that because MBT complied with the "invalid" search warrant and provided information to law enforcement officials, it violated the Right to Financial Privacy Act, Consumer Protection laws, breached its fiduciary duty, violated his right to property, violated the Computer Fraud and Abuse Act by processing data and giving information to law enforcement, that MBT committed tortious interference with a business relationship and property, and that MBT was negligent and incompetent in various ways (all presumably through Mehregan and Scott).  (ECF No. 1, PageID.83-85).  The list of allegations contains only bare

conclusions of law; there is no factual development to show entitled to relief under these claims. A plaintiff is obligated "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Association of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted)). Accordingly, to the extent Pompy truly meant to bring these claims against MBT defendants in the allegations section of his complaint, the claims should be dismissed without prejudice. However, he did provide some factual development for his claim that MBT violated M.C.L. § 487.691. His raised this same claim in Count 28 against MBT, which is addressed below.

Pompy raised a single count, Count 28, against MBT (the bank defendant). Count 28 is a Michigan law claim. Pompy alleges that MBT violated the Adverse Claim to Bank Deposit statute, M.C.L. § 487.691. (ECF No. 1, PageID.146). He says MBT was required under this statute to give him notice of the search warrant for his bank accounts. MBT argues that M.C.L. § 487.691 does not apply to search warrants issued in criminal proceedings, and that the statute does not create a private cause of action. (ECF No. 20, PageID.409-11). Though Pompy filed a

response brief, he spent much of it restating the facts; he did not substantively respond to MBT's motion to dismiss.  (ECF No. 25).

It appears that MBT is correct: M.C.L. § 487.691 does not apply to search warrants.  The statute provides, in part,

> Notice to any bank or trust company doing business in this state of an adverse claim to a deposit standing on its books to the credit of any person shall not be effectual to cause said bank to recognize said adverse claimant unless said adverse claimant shall also either procure a restraining order, injunction or other appropriate process against said bank from a court of competent jurisdiction in a cause therein instituted by him wherein the person to whose credit the deposit stands is made a party and served with summons.

The plain language of the statute makes clear that the statute prescribes the procedure by which a person may make an effectual adverse claim effective so that the bank will recognize the adverse claimant.  It says that a bank will not recognize an adverse claimant who submits a notice of adverse claim until the claimant procures a restraining order, injunction, or other "appropriate process" against the bank from the Court in a case wherein "the person to whose credit the deposit stands" is made a party.

Nothing in this statute indicates that a bank is obligated to give notice of a search warrant for information regarding an account to the holder of the account that is the subject of the search warrant.  Indeed, it does not appear that the statue

places any obligation on banks, whatsoever.  For this reason, Pompy's claim

against MBT under M.C.L. § 487.691 should be dismissed with prejudice.

     C.    <u>Defendant Kisonas</u>

Pompy's claims against defendant Kisonas is a "false light" and defamation

claim for allegedly publishing misrepresentations and false statements in the

Monroe News about the investigation into Pompy's medical practice.  (ECF No. 1,

PageID.59; PageID.43, ¶ 273).  He also names Kisonas in Count 36, titled "Pompy

Committed No Criminal Offense."  (*Id.* at PageID.163-66).  This count makes no

mention of any publication or any wrongdoing by Kisonas.  From what can be

discerned, it appears that his claims against Kisonas based on the publication of

news stories were brought under state law.  Pompy neither alleges that Kisonas

was acting under color of law nor does he cite any purported violation of federal

law on Kisonas's part.

In addition to arguing that the complaint violates Fed. R. Civ. P. 8, *supra*,

Kisonas argues for dismissal of the complaint because he was not properly served.

Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a

complaint for insufficiency of service of process. The party on whose behalf

service of process was made has the burden of establishing its validity.  *Shires v.*

*Magnavox Co.,* 74 F.R.D. 373, 377 (E.D. Tenn. 1977).  In deciding a motion

to dismiss under Rule 12(b)(5), the court may refer to record evidence in

determining the sufficiency of service. *Thompson v. Kerr,* 555 F. Supp. 1090, 1093

(S.D. Ohio 1982). Facts as attested to in uncontroverted affidavits may be

considered in ruling on a motion to dismiss under Rule 12(b)(5). *See Shires,* 74

F.R.D. at 376–377 (reasoning that uncontroverted facts in affidavits are deemed

admitted for purposes of deciding a motion to dismiss for insufficiency of service

of process).

Based on the information provided to the Court, it appears that Pompy did

not properly serve the summons and complaint on Kisonas pursuant to Fed. R. Civ.

P. 4(e). Rule 4(e) provides,

> (e) Serving an Individual Within a Judicial District of the
> United States. Unless federal law provides otherwise, an
> individual--other than a minor, an incompetent person, or
> a person whose waiver has been filed--may be served in a
> judicial district of the United States by:
>
> (1) following state law for serving a summons in an
> action brought in courts of general jurisdiction in the
> state where the district court is located or where service
> is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the
> complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or
> usual place of abode with someone of suitable age and
> discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by
> appointment or by law to receive service of process.

Pompy was attempting to serve Kisonas, an individual, by mailing the summons and complaint.

Michigan Court Rule 2.105 provides the means by which a plaintiff may serve process on an individual:

> MCR 2.105 Process; Manner of Service
>
> (A) Individuals.  Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.  Service is made when the defendant acknowledges receipt of the mail.  A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

In an affidavit,[6] Kisonas avers that on February 18, 2019, he found a large package on his desk at work.  (ECF No. 37, PageID.645, ¶ 4).  He said the package was sent through the United Stated Postal Service regular mail, with no return receipt requested.  (*Id.* at ¶ 5-10).  Kisonas had no reason to believe that the package was personally delivered by a process server and he did not receive a copy

---

[6] Pompy does not specifically contest the contents of the affidavit.  He only says in response to the motion to dismiss that he did properly serve Kisonas.

of the summons or complaint by registered or certified mail, return receipt requested. (*Id.* at ¶ 11, 13).

In response, Pompy says the rules permit him to serve the defendant by sending the summons and complaint by registered or certified mail, return receipt requested. (ECF No. 47, PageID.746). Pompy did not affirmatively state that he in fact sent process by registered or certified mail, return receipt requested.

Kisonas provided a photograph of the package containing the complaint that was left on his work desk. It indicates that it was sent to Kisonas at Monroe News, 20 W. First Street, Monroe, MI. The return address is Pompy's address. (ECF No. 37, PageID.649). The package was sent by United States Postal Service, priority mail. Pompy did not respond with a copy of a return receipt signed by Kisonas.[7] Thus, the evidence suggests that Kisonas was not properly served under Michigan law because the summons and complaint were mailed by regular mail, with no return receipt requested instead of by registered or certified mail, return receipt requested. Accordingly, Kisonas's motion to dismiss should be granted.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the complaint be dismissed without prejudice for violation of Fed. R. Civ. P. 8, and

---

[7] Although Pompy is proceeding *pro se,* those who proceed without counsel must still comply with the procedural rules that govern civil cases. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Frame v. Superior Fireplace,* 74 Fed. Appx 601, 603 (6th Cir. 2003).

that plaintiff be given an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure within 14 days of the Court's order.  If plaintiff does not file a proper amended complaint, then the undersigned recommends that the case be dismissed entirely.  Accordingly, the motions to dismiss filed by the State defendants, the federal defendants, and defendant Kisonas (ECF Nos. 28, 35, 46) should be **GRANTED** as to the Rule 8 arguments.

The undersigned further **RECOMMENDS** that the MBT defendants' motion to dismiss (ECF No. 20) be **GRANTED**.  Specifically, that the state law claim brought under M.C.L. § 487.691 be dismissed with prejudice.  The undersigned suggests that Pompy be allowed to amend the remaining claims against the MBT defendants in an amended complaint filed within 14 days of the Court's order.

The undersigned further **RECOMMENDS** that defendant Kisonas's (ECF No. 37) motion to dismiss be **GRANTED**, and that he be dismissed from this case without prejudice for insufficient service of process.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  January 14, 2020

s/Michael J. Hluchaniuk
Michael J. Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 14, 2020, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal

Service to the following non-ECF participant: Lesly Pompy, 533 N. Monroe Street, Monroe, MI  48162.

s/Durene Worth
Case Manager
(810) 341-7881
durene_worth@mied.uscourts.gov