UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLY POMPY,

                Plaintiff,

v.

MONROE BANK AND TRUST,
SUSAN MEHREGAN, THOMAS SCOTT,
TINA TODD, JESSICA CHAFFIN,
JACK VITALE, MARC MOORE,
ROBERT BLAIR, JON LASOTTA,
SHAWN KOTCH, BRIAN BISHOP,
BLUE CROSS BLUE SHIELD OF MICHIGAN,
BLUE CROSS BLUE SHIELD OF MICHIGAN
MUTUAL INSURANCE COMPANY,
BLUE CROSS COMPLETE OF MICHIGAN,
BLUE CROSS COMPLETE OF MICHIGAN, LLC,
MICHAEL ZSENYUK, JIM GALLAGHER,
BRIAN ZASADNY, JAMES HOWELL,
DIANE SILAS, CARL CHRISTENSEN,
J. ALAN ROBERTSON, M.D., SHELLY
EDGERTON, SEAN M. SIEBIGTEROTH,
KIM GAEDEKE, VAUGHN HAFNER,
DINA YOUNG, and RAY KISONAS,

                Defendants.

_____/

Case Number 19-10334
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

### OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANTS' AND PLAINTIFF'S OBJECTIONS, AND GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Lesly Pompy, a physician specializing in pain management, was indicted for health care fraud and unlawfully prescribing controlled substances. He has filed this lawsuit *pro se* against his accusers and those participating in the investigation, alleging several violations of his rights under federal and state law. This case was referred to Magistrate Judge Anthony P. Patti to conduct all pretrial proceedings. After Pompy filed an amended complaint (the original was lengthy, confusing, and unmanageable), several defendants filed motions to dismiss, arguing that

the amended complaint did not plead any viable causes of action against them.  The motions presently before the Court were filed by Monroe Bank & Trust ("MBT") and its employees, Susan Mehregan and Thomas Scott (collectively the "MBT Defendants"); Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Michigan Mutual Insurance Co., Blue Cross Complete of Michigan, Blue Cross Complete of Michigan, LLC, and various persons associated with those entities, Carl Christensen, Jim Gallagher, James Howell, J. Alan Robertson, Diane Silas, Brian Zasadny, and Michael Zsenyuk ("Blue Cross Defendants"); and Ray Kisonas (a journalist).

Judge Patti issued a report on August 5, 2020 recommending that the Court grant the defendants' motions almost entirely, suggesting dismissal with prejudice of all claims against the moving defendants except for a state law breach of contract claim against the Blue Cross defendants, which should be dismissed without prejudice to refiling in state court, and the defamation claims against defendant Kisonas motion, which also should be dismissed without prejudice since service of process was defective.  Defendant Blue Cross Blue Shield of Michigan objected to the recommendation, arguing only that the breach claim should be dismissed *with* prejudice.  The plaintiff did not present any timely objections.  Instead, he sought leave to file a "response" to Blue Cross's objections.  The Court observed that leave of Court was not required because the plaintiff had presented his "responses" to Blue Cross's objections within the usual time allowed.  However, the Court issued an order deeming the plaintiff's "response" timely filed.  The matter now is before the Court for a fresh review.

I.

The magistrate judge included in his report a comprehensive recitation of facts, which he discerned from the amended complaint.  Although shorter than his original effort, the plaintiff's amended complaint is rambling and difficult to follow.  As the magistrate judge aptly observed, it

reads at points less as a concise pleading of any legal cause of action and more as a disjointed stream of consciousness flowing from an endless (and ever expanding) litany of grudges held by the plaintiff against the named defendants and others.  Most of the alleged grievances arise from an investigation into prescribing practices at the plaintiff's pain management clinic, which at stages involved private insurers, such as Blue Cross, along with local, state, and federal law enforcement authorities.

As noted, the complaint is not a model of clear pleading.  However, the magistrate judge construed it as alleging the following basic facts of the underlying events.

Plaintiff Lesly Pompy was a pain physician in Monroe, Michigan. The case mainly concerns an investigation into his narcotic prescription practices initiated by insurer Blue Cross Blue Shield of Michigan and subsequently pursued by local, state, and federal law enforcement agencies.  Blue Cross sent an undercover investigator posing as a patient to Pompy's office to attempt to obtain pain medication.  Apparently, the results of that and perhaps other visits prompted investigations by state and federal agencies.  The investigations included search warrants for Pompy's office charts and financial records from MBT.  Pompy eventually was indicted on controlled substance and health care fraud charges; his criminal case is still pending.

Pompy sued a long list of defendants, which the magistrate judge grouped into categories in his report.  Broadly, Pompy alleges that: (1) the Blue Cross entities and employees improperly conducted a private investigation of his clinic; (2) the defendant law enforcement agents (Shelly Edgerton, Kim Gaedeke, Vaughn Hafner, Marc Moore, Sean M. Siebigteroth, and Dina Young [State Defendants] and Brian Bishop and Shawn Kotch [Federal Defendants] obtained illegal search warrants from the Monroe County defendants (Robert Blair, Jessica Chaffin, Jon LaSotta, Tina Todd, Jack Vitale) and violated the plaintiff's constitutional rights during and after the

execution of searches under those warrants; (3) the MBT defendants unlawfully disclosed the plaintiff's financial information in response to search warrants for his bank records, and improperly froze his accounts; and (4) defendant Kisonas's three published articles in the Monroe News about the criminal investigation were false and harmful to the plaintiff's reputation, livelihood, and personal safety.

The original complaint was filed on February 4, 2019. After several rounds of early motion practice, the plaintiff filed an amended complaint on January 28, 2020. The MBT defendants, the Blue Cross defendants, and defendant Kisonas responded with motions to dismiss.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474

- 4 -

F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

## A. MBT Defendants

The plaintiff alleges that defendant Tina Todd, a state magistrate, issued a search warrant on September 21, 2016 for seizure of the plaintiff's financial records held by the MBT defendants. He claims that MBT's employees Susan Mehregan and Thomas Scott unlawfully disclosed the plaintiff's banking records in response to that warrant. The plaintiff offers somewhat contradictory criticisms of the search warrant, variously alleging that it did not exist (i.e., that his information was disclosed "without a warrant"); and also that the issuing authority was an "incompetent court," the scope of the warrant was "overbroad," and it was not supported by probable cause. The records were communicated to Robert Blair, one of the Monroe County, Michigan investigating agents. On September 27, 2016, another warrant was issued for account information and seizure of proceeds in the accounts. The plaintiff also alleges that while his accounts were impounded, MBT improperly deducted fees for bounced checks.

The plaintiff listed his causes of action against individual defendants Scott and Mehregan with little elaboration, stating them as follows: "negligence, incompetence, errors, mistakes, breach of promise," "breach of fiduciary duty," and failure to protect personal information under "Title 15." He also contends that MBT violated the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C. § 501, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-3422, and the State of Michigan's Consumer Protection Act, Mich. Comp. Laws § 445.903. He contends that MBT violated those statutes by making "false or fraudulent statements," producing "forged or counterfeit documents," and allowing defendant Blair to access the plaintiff's private financial information without first obtaining his consent.

The magistrate judge concluded that all of the claims against the MBT defendants must be dismissed because: (1) there is no private cause of action for violations of any provision of the GLBA (citing 15 U.S.C. § 6805(a); *Vinton v. Certegy Check Servs., Inc.*, 2009 WL 2777095, at *2 (W.D. Mich. Aug. 31, 2009) (collecting cases); *Mehrbach v. Citibank, N.A.*, 316 F. Supp. 3d 264, 271 (D.D.C. 2018); and *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013)); (2) the RFPA expressly governs only disclosures of financial information to agents of the federal government, not, as alleged here, disclosure of bank records via a search warrant exclusively to state or local law enforcement agents (citing 12 U.S.C. § 3401(3) and *Bigi v. Wright-Patt Credit Union, Inc.*, 2013 WL 1721154 (S.D. Ohio Apr. 22, 2013)); (3) the plaintiff failed to plead any specific facts suggesting that he had any contractual or fiduciary relationship with individual defendants Mehregan and Scott, and also failed to plead specific facts suggesting that they bore any individual responsibility under the various legal theories mentioned only in passing in the pleadings; and (4) the plaintiff failed plausibly to plead any claims under the MCPA, with the entire statement of his "claim" under that act consisting of nothing more than a bare statutory citation.

The MBT defendants did not object to the recommendation to dismiss all claims against them.  The plaintiff did not file any timely objections to the report and recommendation, electing instead only to "respond" to the sole timely objection that was presented by the Blue Cross defendants.  However, even if the plaintiff's "responses" to the Blue Cross defendants' objections are construed as being directed to the magistrate judge's report, none of the plaintiff's purported "objections" comprise good grounds to reject the recommendation of dismissal, because the plaintiff has failed to identify with any specificity any factual or legal basis for a finding of error in the magistrate judge's conclusions.

The plaintiff's "objections" are as discursive as his pleadings and appear to consist largely of mere reiterations of the rambling factual allegations in the amended complaint, shuffled and relabeled with new topical headings as "Response to Objection 1" through "Response to Objection 28." The "objections" do not discuss, or even acknowledge, any of the legal authorities cited or conclusions reached by the magistrate judge, and they do not identify any specific way in which the magistrate judge erred in reaching his findings and conclusions. As the magistrate judge noted in his report, the plaintiff does not engage the arguments of the defendants; instead he merely reiterates a voluminous and ever-expanding litany of factual allegations without making any effort to address any of the pertinent legal or factual questions presented. His "opposition" to the motions to dismiss followed the same pattern.

It is well settled that "'[a] general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object,' and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (order) (quoting *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The plaintiff has offered nothing more here. Moreover, mere reiterations of previously pleaded factual assertions and disconnected citations of legal authority, devoid of any substantive legal argument against specific findings or conclusions by the magistrate judge, are insufficient to preserve objections for review by this Court. *Cowans v. Abioto*, No. 20-2024, 2020 WL 3086562, at *2 (W.D. Tenn. June 10, 2020) ("Plaintiff's objections merely repeat the allegations in his Complaint and Amended Complaint. . . . Plaintiff has also attached several hundred pages of documents, which are largely incomprehensible, and which appear to be copies

of documents previously filed with his Complaint and Amended Complaint or filed in response to the Magistrate Judge's show cause order directing Plaintiff to respond to the Motion to Dismiss. In sum, Plaintiff's repetitious arguments and incomprehensible documents do not constitute objections."); *Givens v. Loeffler*, No. 19-617, 2019 WL 4419980, at *2 (S.D. Ohio Sept. 11, 2019) ("Plaintiff's objections simply repeat a recitation of the elements of this claim and make additional conclusory allegations. He does not demonstrate why the magistrate judge's recommendation was erroneous."); *McDougald v. Erdos*, No. 17-00464, 2018 WL 4573287, at *2 (S.D. Ohio Sept. 25, 2018) ("In his objections, Plaintiff summarily states, for each claim, that 'it was error in the context of the entire record' for the Magistrate Judge to recommend dismissal of that claim. He then, for each claim, largely repeats the facts and arguments set forth in his Amendment Complaint and his Response to Defendants' Motion to Dismiss, and the case law and portions of analysis found in Defendants' Motion to Dismiss and the Magistrate Judge's R&R. A review of his of his objections also reveals that his arguments are comprised almost entirely of general disagreements with the Magistrate Judge's recommendation without any additional or new support for those disagreements.") (citations omitted).

The recommendation of dismissal was not opposed by the MBT defendants, and the plaintiff has waived any right to oppose this recommendation by failing to present any sufficient, specific, and grounded objection to any of the magistrate judge's findings or conclusions. The claims against the MBT defendants therefore will be dismissed with prejudice.

### B. Defendant Ray Kisonas

Defendant Ray Kisonas was a reporter for the *Monroe News*. The amended complaint alleges that the plaintiff's reputation and personal safety were impaired by three news articles written by Kisonas about the investigation into the plaintiff's prescription and billing practices.

The complaint and attached copies of the articles indicate that they were published between September 26, 2016 and January 19, 2018. The plaintiff stated unelaborated claims against Kisonas based on those articles, which he denominated as "defamation," "discrimination," and "false claim." The magistrate judge noted that the claims against Kisonas pleaded in the original complaint were dismissed for want of proper service, because the plaintiff's "proof of service" by mail did not indicate that delivery of the pleadings was completed through any method endorsed by the applicable federal or state rules of court. The magistrate judge noted that the proof of service for the amended pleadings disclosed similar defects in the means of service, even though the requirements for proper service plainly were explained in the earlier report and recommendation, which was adopted by the Court. *See* ECF Nos. 64, 74.

The magistrate judge concluded that the Court lacks personal jurisdiction over Kisonas because the plaintiff failed properly to serve him with a copy of the amended pleading by any means permitted under the applicable state or federal procedures for service. Alternatively, he suggested that (1) the facts pleaded affirmatively establish that any claims sounding in defamation, libel, false light, or invasion of privacy are time barred under the one-year statute of limitations in Michigan Compiled Laws § 600.5805(9), because the news stories all allegedly were published in September or November 2016 and January 2018, more than a year before the February 2019 filing of the original complaint in this case; (2) the claims for "negligence" and "discrimination" were unsupported by any factual basis discernible from the pleadings; and (3) the Court lacks supplemental jurisdiction over the exclusively state law claims against Kisonas, because the claims for alleged publication of false news stories about the plaintiff's pill mill operation do not share a common nucleus of fact with or arise from any of the same allegedly wrongful individual or institutional conduct underlying any federal claims pleaded against the various federal, state, and

local authorities and financial institutions named in the amended complaint. The magistrate judge recommended alternatively that the Court either dismiss the claims against Kisonas without prejudice for want of personal and subject matter jurisdiction or dismiss the claims with prejudice because the amended complaint showed that the claims are time barred.

Kisonas did not object to the recommendation for dismissal on either basis. For the reasons explained above, the plaintiff has failed to present any timely substantive objection to that recommendation. The Court adopts the findings of the magistrate judge regarding procedural and jurisdictional defects. Because the absence of personal and subject matter jurisdiction deprives the Court of the authority to rule on the merits of the claims against defendant Kisonas, the Court will dismiss the claims against him without prejudice.

### C. Blue Cross Defendants

The plaintiff alleged that on November 12, 2015, Blue Cross Blue Shield of Michigan "ordered" an investigation into his prescribing and billing practices. According to the plaintiff, Blue Cross "effectively hired" local and state police and prosecutors to carry out the investigation. At some point, apparently before any contact with law enforcement, an investigator employed by Blue Cross, James Howell, went to the plaintiff's pain clinic posing as a new patient, presented an assumed identity, and stated that he needed pain relief. Howell surreptitiously recorded his visit with a concealed camera and microphone. The plaintiff described his claims against Blue Cross and Howell as "abuse of process," "recording without a court order," and "theft of services and property." The pleadings also recited a litany of other purported causes of action against the Blue Cross defendants collectively, identifying the claims summarily, and without elaboration, as follows: "lack of qualified immunity, gross negligence, malice, conspiracy, forgery, breach of contract," and "Violation of Antitrust Laws: Clayton Antitrust Act, Sherman Antitrust Act, Federal

Trade Commission Act, including, but not limited to, Mergers and Acquisitions, Unfair Competition, Contracts Laws, RICO Act. . . etc."  The complaint only obliquely framed the allegations of "RICO" conspiracy between Blue Cross and state or local investigators and prosecutors.  The plaintiff also alleged that Blue Cross had violated the terms of a provider agreement between the plaintiff and Blue Cross, by improperly classifying his practice when evaluating the propriety of his prescribing patterns.  Finally, the plaintiff pleaded an unrelated claim against Blue Cross for breach of contract, alleging that in 2012 through 2016 Blue Cross improperly attempted to amend a provider agreement that the plaintiff had executed in 1991, by promulgating changes to the agreement without proper notice to the plaintiff.

The magistrate judge was sympathetic to the defendants' position that the amended complaint, although shorter than the original pleading, still failed to describe concisely any factually supported causes of action.  Nevertheless, the magistrate judge afforded the plaintiff the benefit of a generous construction of the facts, so far as they could be gleaned from the pleadings. He concluded, based on those facts, that all of the claims but one should be dismissed with prejudice because (1) any tort claims premised on communications with law enforcement authorities during an investigation of improper billings or prescriptions were barred by the statutory immunity afforded to an insurer cooperating with law enforcement under Michigan Compiled Laws § 500.4509; (2) as to any private internal investigation or audit, the complaint failed to identify the specific terms of any contract provision that were violated by the defendants during their review of the plaintiff's billings; (3) the claims against Blue Cross and Howell for "theft of services and property" and "conversion" were unsupported by any factual basis suggesting that they improperly exercised domain over property or funds belonging to the plaintiff, and the complaint otherwise pleaded causes of action that simply did not exist, or were criminal

rather than civil in nature; (4) the plaintiff's unelaborated claims of "civil rights violations" were unsupported by any specific factual basis, and no facts were alleged suggesting that Blue Cross or its employees acted under color of law; (5) the claims serially denoted as "lack of qualified immunity, gross negligence, malice, conspiracy, [and] forgery" were mere labels or conclusory assertions of wrongdoing, unsupported by any pleaded factual basis establishing the elements of any of those causes of action (several of which had no apparent basis in the law); (6) the claims of "conspiracy" were not supported by sufficiently specific allegations of intentional torts committed by any of the Blue Cross defendants; and (7) no facts were pleaded suggesting that the plaintiff had any standing to pursue claims for "antitrust" violations, or establishing the commission of at least two recognizable predicate offenses needed to sustain the RICO claims.

The Blue Cross defendants did not object to any of those grounds for dismissing most of the plaintiff's claims against them. For the same reasons noted above, the plaintiff has failed to raise any properly grounded objection to the recommendation of dismissal. All of those claims therefore will be dismissed with prejudice.

The sole remaining claim against Blue Cross is for breach of contract based on allegedly improper amendments without notice of a provider agreement. The magistrate judge recommended that the Court dismiss that claim without prejudice, because it shared no factual nexus with any of the other claims over which the Court conceivably could have jurisdiction, and the exercise of supplemental jurisdiction over such an unrelated claim would be imprudent. The Blue Cross defendants objected on the ground that the magistrate judge's reading of the allegations in the complaint was overly generous and improperly "expanded the scope" of the claims as stated, which, according to their reading, consists solely and entirely of the plaintiff's contradictory and self-defeating allegation that the provider agreement was rendered "null and void" by the

defendants' improper attempts at amendment.  The plaintiff did not address this sole ground of the defendants' objections in his responses; nor, as noted above, did he pose any properly preserved objection to the dismissal of this final claim either with or without prejudice.

The defendants' argument against a dismissal without prejudice is unpersuasive, because the magistrate judge's reading of the pleadings was a fair construction of the allegations, and, regardless of which construction is considered, it is beyond dispute that the factual basis of the claims based on improper amendments of a provider agreement has no relationship with the allegedly wrongful conduct involved in any of the other federal causes of action that the plaintiff has attempted to bring in this case.  It also is evident from the pleadings that there is no independent basis of jurisdiction over the improper amendment claims, or at least none that is supported by any facts recited in the amended complaint.

The defendants do not contend that the pleadings disclose any valid basis for the exercise of original subject matter jurisdiction over the state law breach of contract claim for improper modification of a provider agreement, and no such basis is evident from the pleadings.  The only apparent avenue for this Court to entertain the claim would be through the discretionary exercise of supplemental jurisdiction authorized by 28 U.S.C. § 1367.  "The Supplemental Jurisdiction statute, 28 U.S.C. § 1367, enables federal district courts to entertain claims not otherwise within their adjudicatory authority when those claims 'are so related to claims . . . within [federal-court competence] that they form part of the same case or controversy.'"  *Artis v. D.C.*, --- U.S. ---, 138 S. Ct. 594, 597 (2018) (quoting 28 U.S.C. § 1367(a)).  Included within the supplemental jurisdiction authority are state-law-based claims and counterclaims "brought along with federal claims arising from the same episode."  *Ibid.*; *see also Watson v. Cartee*, 817 F.3d 299, 303 (6th Cir. 2016).

- 13 -

The defendants contend that a claim alleging only that an agreement was rendered "null and void" by their improper performance cannot, as a matter of law, support a cause of action for breach of contract, since there (allegedly) was no contract in force to be breached.  They believe that is the sole basis of this final breach claim, so far as it is described in the pleadings.  But even if that is true, the defendants do not dispute the magistrate judge's finding, which is not subject to reasonable debate, that the historical circumstances of this claim are wholly distinct from those of all the other causes of actions against any of the defendants which the pleadings fairly can be read to embrace.  Thus, there is no basis in the first instance for a sound exercise of supplemental jurisdiction over this final claim, because it is not "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

The Blue Cross defendants' argument may be sound that the amended complaint does not state a valid breach of contract claim.  However, for the Court to reach that conclusion, it must have the authority to address the merits.  It has no authority to do so here because the claim is a purely state-law claim between non-diverse parties, and it is not related within the meaning of section 1367(a) to a pleaded claim over which this Court has subject matter jurisdiction.  The Court's discretionary authority to retain or dismiss such a claim under 28 U.S.C. § 1367(c) does not come into play because there is no basis to exercise authority of the breach of contract claim to begin with.  Dismissal is the only option, and that dismissal must be without prejudice.  *Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) ("Dismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case.") (citing *Ernst v. Rising,* 427 F.3d 351, 366 (6th Cir. 2005)).

III.

The plaintiff has failed to plead any viable causes of action against the MBT defendants, and the Court lacks personal and subject matter jurisdiction over the claims against defendant Ray Kisonas. The plaintiff also failed to plead viable claims against the Blue Cross defendants based on the facts that ultimately led to his indictment. The Court cannot exercise supplemental jurisdiction over the unrelated breach of contract claim and expresses no conclusion on the merits of that claim. The plaintiff's purported objections fail to advance sufficiently specific factual or legal grounds for rejecting any of the findings or conclusions reached by the magistrate judge. The Blue Cross defendants' arguments opposing the dismissal without prejudice of one claim against those entities are unpersuasive.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 95) is **ADOPTED**, the Blue Cross defendants' objections (ECF No. 99) are **OVERRULED**, and the plaintiff's objections (ECF No. 102) are **OVERRULED**.

It is further **ORDERED** that all of the plaintiff's claims against defendants Monroe Bank & Trust, Susan Mehregan, and Thomas Scott are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that all of the plaintiff's claims against defendant Ray Kisonas are **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that all of the plaintiff's claims against defendants Blue Cross Blue Shield of Michigan, Blue Cross Blue Shield of Michigan Mutual Insurance Co., Blue Cross Complete of Michigan, Blue Cross Complete of Michigan, LLC, Carl Christensen, Jim Gallagher, James Howell, J. Alan Robertson, Diane Silas, Brian Zasadny, and Michael Zsenyuk are **DISMISSED WITH PREJUDICE**, with the sole exception that the claim for breach of contract

premised on amendments of a provider agreement in 2012 through 2016, which is **DISMISSED**

**WITHOUT PREJUDICE**.

                                           s/David M. Lawson
                                           DAVID M. LAWSON
                                           United States District Judge

Dated:   October 27, 2020