UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLY POMPY,

        Plaintiff,

v.

MONROE BANK AND TRUST,
*et al.*,

        Defendants.
_____/

Case No. 2:19-cv-10334
District Judge David M. Lawson
Magistrate Judge Anthony P. Patti

### ORDER GRANTING DEFENDANTS' MOTION TO STAY (ECF No. 124), DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 128), AND STRIKING ECF No. 127

This matter came before the Court for consideration of: (1) Defendants Bishop and Kotsch's motion to stay the case (ECF No. 124), Defendants Marc Moore, Shelly Edgerton, Sean M. Siebigteroth, Kim Gaedeke, Vaughn Hafner, Dina Yount, Robert Blair, and Jon LaSotta's concurrence and joinder in the motion (ECF Nos. 125 & 126), and Plaintiff's response in opposition (ECF No. 127), which the Court hereby **STRIKES** for grossly exceeding the 25-page limit for responsive briefs set forth in E.D. Mich. Local Rule 7.1(d)(3)(A), and apparently using a font smaller than 14-point in violation of E.D. Mich. LR 5.1(a)(3) (and a quick glance at the brief reveals that very little of it is actually responsive to the motion to stay); and, (2) Plaintiff's motion for leave to file an amended complaint

(ECF No. 128) and Defendants' responses in opposition (ECF Nos. 129, 130, 131, 133 & 134).  Judge Lawson referred the case to me for all pretrial matters.  (ECF No. 114.)  A hearing was held on April 13, 2022, at which Plaintiff and counsel for Defendants appeared and the Court entertained oral argument regarding the motions.

Upon consideration of the motion papers and oral argument, and for all of the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion for leave to file an amended complaint (ECF No. 128) is **DENIED**, and Defendants' motion to stay (ECF No. 124) is **GRANTED**.

**A.     Plaintiff's Motion for Leave to File an Amended Complaint**

As indicated at the hearing, the Court **DENIES** Plaintiff's motion for leave to file an amended complaint (ECF No. 128) under Fed. R. Civ. P. 15(a), noting that leave to amend "'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile[,]'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)), and finding, *inter alia*, that:

- Plaintiff's proposed amended complaint (ECF No. 128-1), which is 331 pages long, with 696 initial paragraphs, 50 pages of law, 52 additional paragraphs, and 28 less than clear counts, is in gross violation of the requirement at Fed. R. Civ. P. 8(a)(2) that a

pleading contain "a *short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added); *see also Flayter v. Wisc. Dep't of Corrections*, 16 F. App'x 507, 508-09 (7th Cir. 2001) ("Here, Flayter's complaint is anything but a 'short and plain' statement of his claim, and the district court could have dismissed it for violating Rule 8."). Plaintiff's complaint appears to be an attempt to fact-plead and present legal arguments and is, in substantial part, incomprehensible.

- As a result, Defendants cannot be expected to adequately respond to Plaintiff's proposed amended complaint. *Flayter*, 16 F. App'x at 508-09 ("The complaint would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading. A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation.") (citations omitted).

- Further, the proposed amended complaint is futile because Plaintiff seeks to include a great number of previously-dismissed Defendants, including three judicial officers (Todd, Chaffin and Vitale) who have previously been declared judicially/absolutely immune and dismissed with prejudice (ECF No. 106, PageID.1627-1630, 1645; ECF No. 108), as identified by the Court and confirmed by Plaintiff on the record. Further, it fails to correct previously-identified deficiencies, giving the Court an impression of bad faith and a strong hint of dilatory motive.

- Additionally, granting leave to file the proposed amended complaint would cause undue delay, and appears to be an underhanded way of tardily seeking reconsideration of the Court's prior dispositive rulings and of obtaining otherwise prohibited discovery for his criminal case by ancillary means.

- Moreover, the motion and proposed amended complaint, as confirmed on the record, purport to be on behalf of multiple plaintiffs, including a professional corporation and an individual who is not now named and without counsel (Anand) (*see, e.g.,*

3

      ECF No. 128, PageID.1873, 1880; ECF No. 128-1, PageID.2013-2014, ¶¶ 654, 656, 657, 661, 662, 665), notwithstanding this Court's previous admonition that Plaintiff could not act as attorney for any corporate entity. (ECF No. 32, PageID.515-516.)  He likewise may not act on behalf of any other individual, as he is not a licensed attorney. (*Id*.)

- Finally, in the motion for leave to amend, Plaintiff fails to adequately explain who or what he seeks to add to the operative pleading and why.

**B.**    **Motion to Stay**

With regard to Defendants' motion to stay the case (ECF No. 124), the Court **GRANTS** the motion for the reasons already provided in the Undersigned's October 30, 2020 report and recommendation to stay the case against Defendants Blair and LaSotta (ECF No. 106, PageID.1641-1644), which Judge Lawson adopted on November 23, 2020 (ECF No. 108, PageID.1667).  Namely, the claims raised in Plaintiff's civil suit will likely be decided or affected by rulings in his pending criminal matter, currently set for trial in September 2022 (*see* 11/3/21 minute entry in 2:18-cr-20454), and, thus, may be barred under the principles set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The criminal case likely would also pose a number of practical issues for the civil case.  For example, should Plaintiff's deposition be taken as part of the civil case, he faces potentially incriminating himself for purposes of the criminal case, or needing to invoke the protections of the Fifth Amendment.  And, as noted above, the Court will not allow Plaintiff to use the ancillary civil matter to

circumvent the more prohibitive discovery rules applicable to his criminal proceedings. Further, Plaintiff made clear at both the scheduling conference and at oral argument that this lawsuit in large part seeks to challenge the seizure of evidence pursuant to search warrants in the state and federal criminal proceedings, the forfeiture of his property, and his license revocation; however, his remedies for these perceived injustices lie respectively in the criminal matter (where Judge Tarnow already denied a motion to suppress, *see* Case No. 18-20454, ECF No. 40 therein), the procedures for challenging civil forfeiture, under 18 U.S.C. §§ 981, 983-985, and in state court. Finally, the Court finds concurrent civil and criminal proceedings here to be inefficient for both the parties and the Court, for all of the reasons described above, and considering that the Court has already stayed the case as to two Defendants. *See* Fed. R. Civ. P. 1 (The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). In so doing, the Court notes that at the motion hearing, Plaintiff requested that discovery not commence in the instant matter until July 2022, following scheduled surgical procedures, thus reducing any prejudicial effect the stay may have in light of his upcoming September 2022 criminal trial.[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

**IT IS SO ORDERED.**

Dated: April 15, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).