## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LESLY POMPY,

               Plaintiff,

v.

MONROE BANK AND TRUST,
et al.,

               Defendants.

Case No.: 2:19-cv-10334

David M. Lawson
United States District Judge

Anthony P. Patti
United States Magistrate Judge

_____/

## DEFENDANT BLUE CROSS BLUE SHIELD
## OF MICHIGAN'S MOTION TO STRIKE

Defendant Blue Cross Blue Shield of Michigan ("BCBSM"), by and through

its attorneys, Dickinson Wright PLLC, respectfully requests, pursuant to Federal

Rule of Civil Procedure 12(f), that the Court strike the allegations and claims in the

Second Amended Complaint as they pertain to BCBSM.

As further discussed in BCBSM's accompanying brief, BCBSM seeks this

relief because Plaintiffs filed the Second Amended Complaint without leave to

amend with respect to BCBSM (and without BCBSM's consent), even though

BCBSM was dismissed from this case on October 27, 2020. ECF No. 105,

PageID.1612-1616.

When the Court granted Plaintiff Lesly Pompy leave to amend on April 4,

2023, it presumably was to allow him, now represented by counsel, to replead his

claims against the Defendants who remained in the case.  It was not for the purpose of bringing BCBSM back into the case so that Pompy and now his medical practice, Interventional Pain Management Associates, Inc. ("IPMA"), could reassert the same claims against BCBSM that had been previously dismissed without leave to amend.

For that reason, and as further discussed in BCBSM's accompanying brief, the claims asserted against BCBSM in the Second Amended Complaint should be stricken.

Pursuant to Local Rule 7.1(a), BCBSM's counsel had a telephone conference on July 13, 2023, with counsel for Pompy and IPMA, during which BCBSM's counsel explained the nature of this motion and its legal basis. BCBSM's counsel sought concurrence in the relief requested by this motion, but concurrence was denied.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:  */s/ Scott R. Knapp*
    Scott R. Knapp (P61041)
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 487-4762
sknapp@dickinsonwright.com

Phillip J. DeRosier (P55595)
500 Woodward Avenue, Suite 500
Detroit, MI 48226

2

(313) 223-3500
pderosier@dickinsonwright.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan*

Dated:  July 21, 2023

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LESLY POMPY,

        Plaintiff,

v.

MONROE BANK AND TRUST,
et al.,

        Defendants.

Case No.: 2:19-cv-10334

David M. Lawson
United States District Judge

Anthony P. Patti
United States Magistrate Judge

_____/

## BRIEF IN SUPPORT OF DEFENDANT BLUE CROSS
## BLUE SHIELD OF MICHIGAN'S MOTION TO STRIKE

# **TABLE OF CONTENTS**

ISSUE PRESENTED ........................................................................... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................. iii

I.     INTRODUCTION ............................................................................1

II.    STATEMENT OF FACTS ...............................................................1

       A.    Pompy and IPMA sued BCBSM and various other Defendants
             in connection with an investigation into Pompy's pain
             medication prescription and billing practices. ......................................1

       B.    Pompy was granted leave to file an amended complaint. ....................3

       C.    The Court dismissed all claims against the BCBSM Defendants.........4

       D.    The Court granted Pompy leave to file a second amended
             complaint as to the then-remaining Defendants, who "agree[d]
             that it would be prudent or helpful to do so." ........................................5

       E.    Without leave to do so or BCBSM's consent, Pompy and IPMA
             filed a Second Amended Complaint seeking to resurrect the
             claims against BCBSM that had been previously dismissed. ...............6

III.   ARGUMENT ..................................................................................7

       A.    Rule 12(f) authorizes the striking of claims filed without leave
             to amend or consent...............................................................................7

       B.    The Court should strike the claims in the Second Amended
             Complaint relating to BCBSM because the Court's grant of
             leave did not authorize previously-dismissed claims against
             BCBSM to be re-asserted, and BCBSM did not consent.....................8

IV.    CONCLUSION...............................................................................10

## <u>ISSUE PRESENTED</u>

Should the Court strike the claims in the Second Amended Complaint against Blue Cross Blue Shield of Michigan ("BCBSM"), when the Court's grant of leave did not authorize Plaintiff Pompy or his medical practice, Interventional Pain Manage Associates, P.C. ("IPMA"), to resurrect claims against BCBSM that were previously dismissed, and without leave to amend.

BCBSM answers:  Yes.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

- Fed. R. Civ. P. 12(f)

- *Sheets v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10837, 2014 WL 5499382 (E.D. Mich. Oct. 30, 2014)

- *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354 (S.D. Ohio 2012)

## I.    <u>INTRODUCTION</u>

Plaintiff Pompy and IPMA recently filed a Second Amended Complaint that seeks to resurrect previously-dismissed claims against Defendant Blue Cross Blue Shield of Michigan ("BCBSM").  All of those claims but one were dismissed with prejudice on October 27, 2020—nearly three years ago—the only exception being a state law breach of contract claim that was dismissed without prejudice for lack of subject-matter jurisdiction, and the Court subsequently denied leave to amend.

Pompy and IPMA did not obtain leave of the Court or BCBSM's consent to reassert these previously-dismissed claims.  Although the Court did grant Pompy leave to file an amended complaint following an April 3, 2023 status conference, the only parties present were Pompy and the then-remaining Defendants, who consented to an amendment of the complaint. The Court's April 4, 2023 order granting leave did not authorize BCBSM being brought back into the case, whether by Pompy or IPMA. The Court should therefore strike from the Second Amended Complaint any claims or allegations against BCBSM.

## II.    <u>STATEMENT OF FACTS</u>

### A.    **Pompy and IPMA sued BCBSM and various other Defendants in connection with an investigation into Pompy's pain medication prescription and billing practices.**

This case began in February 2019 when Pompy and IPMA filed a 189-page, 2,218-paragraph *pro se* complaint against more than two dozen defendants alleging a litany of federal and state law violations relating to an investigation into Pompy's

"pain medication prescription and billing practices." *See* Amended Report and Recommendation: Motions to Dismiss, ECF No. 64, PageID.876.

As it pertained to BCBSM, the complaint alleged that the investigation "included using an undercover [BCBSM] employee, defendant [James] Howell, to pose as a pain management patient in Pompy's office." *Id*. The originally-assigned magistrate judge summarized Pompy's claims:

> In September 2016, the judge and magistrate defendants (Todd, Vitale, Chaffin) authorized a number of search warrants. One of these warrants was directed at [Monroe Bank & Trust ("MBT")] and Pompy's bank accounts. In response to the warrant, MBT froze his accounts and provided financial information to law enforcement. Other warrants were for the search of Pompy's office and home. Both state and federal law enforcement officers, including the law enforcement defendants, were involved in the searches.

> According to Pompy, the initiation and execution of the investigation were illegal or improper. Pompy asserts that the search warrants were invalid because the affidavits were overbroad, the warrants were overbroad, and the issuing magistrates did not have authority to issue search warrants. He claims that Blue Cross's investigation was illegally conducted because Howell, the undercover "patient," recorded his visits with Pompy and shared information with Blue Cross and the police. . . . Because of the "unlawful" investigation and information learned from execution of the "invalid" search warrants, Pompy's medical license was suspended in state court. He wants the suspension overturned, as well as monetary damages.

*Id*., PageID.877-878 (citations omitted).[1]

---

[1] Pompy was later indicted on various federal charges alleging that he "created and executed a scheme or pattern of illegal conduct involving the unlawful prescribing and distribution of prescription drug controlled substances and fraudulent health care billings." *See United States v. Pompy*, Case No. 18-cr-20454-AJT-RSW,

**B.     Pompy was granted leave to file an amended complaint.**

After being granted leave to amend, Pompy filed an amended complaint on January 28, 2020. ECF No. 66, PageID.900.  This time, the complaint only asserted claims by Pompy, as the Court had dismissed IPMA's claims because it did not have counsel. ECF No. 32, PageID.515. While considerably shorter, Pompy's amended complaint suffered from the same flaws as the original complaint.  Other than a claim for breach of contract relating to his provider agreement with BCBSM, Pompy failed to link his factual allegations to any specific cause of action.  He did, however, broadly allege various claims against BCBSM, Howell, and other BCBSM-related Defendants, including the following:

- Violation of his "civil rights" (*id.*, PageID.903);

- "Intentional Torts, abuse of process, theft of services and property" (*id.*, PageID.912);

- "Private conspiracy" (*id.*, PageID.913);

- "Breach of contract" (*id.*, PageID.915);

- "[L]ack of qualified immunity, gross negligence, malice, conspiracy, [and] forgery" (*id.*, PageID.916);

- "Violation of Antitrust Laws: Clayton Antitrust Act, Sherman Antitrust Act, Federal Trade Commission Act, including but not limited to, Mergers and Acquisitions, Unfair Competition, Contracts Laws, RICO Act… etc." (*id.*, PageID.917).

---

Indictment, ECF No. 1, PageID.1. Pompy was eventually acquitted.  *Id.*, Judgment of Acquittal, ECF No. 95, PageID.1957.

3

On April 13, 2020, the BCBSM Defendants filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8. ECF No. 78, PageID.1037. Pompy responded on May 9, 2020 (ECF No. 87), and the BCBSM Defendants filed a reply brief on June 1, 2020. ECF No. 89, Page ID.1329.

### C. The Court dismissed all claims against the BCBSM Defendants.

In an opinion and order entered on October 27, 2020, the Court dismissed all of Pompy's claims against the BCBSM Defendants with prejudice, with one exception. ECF No. 105, PageID.1612-1616. The only exception was Pompy's claim for breach of contract under state law, which the Court dismissed without prejudice after concluding that it lacked subject-matter jurisdiction over that claim and that it would instead need to be pursued in state court. *Id.*, PageID.1616.

On January 18, 2022, Pompy sought leave to file an amended complaint (ECF No. 132, PageID.1873), but the Court denied leave to amend in an order entered on April 15, 2022, ECF No. 137, PageID.2261, concluding that the proposed amended complaint was futile, in part, because it sought to include "previously-dismissed defendants." *Id.*, PageID.2263. The Court also found the request for leave to amend to be "an underhanded way of tardily seeking reconsideration of the Court's prior dispositive rulings." *Id*. The Court denied reconsideration on September 28, 2022. ECF No. 142, PageID.2289.

4

As a result of the Court's various orders, BCBSM was no longer a party to this case as of October 27, 2020, pursuant to the Court's order dismissing all claims against BCBSM.

### D. The Court granted Pompy leave to file a second amended complaint as to the then-remaining Defendants, who "agree[d] that it would be prudent or helpful to do so."

On April 4, 2023, the Court held a status conference via Zoom, at which Pompy appeared (without counsel) along with counsel for the then-remaining Defendants. BCBSM's counsel did not attend the status conference, as BCBSM had already been dismissed with prejudice from the case.

Pompy informed the Court that he had retained counsel (the same attorney who represented him in his criminal case), who planned to file an appearance. ECF No. 143, PageID.2290. As a result, the Court lifted the stay and granted leave "for Plaintiff's new counsel to file an amended complaint," observing that "each defendant agree[d] that it would be prudent or helpful to do so." *Id*., PageID.2290-2291. Any amended complaint was to be filed by May 17, 2023. *Id*.

On May 16, 2023, Pompy's counsel, along with counsel for the then-remaining Defendants, filed a "Stipulated Motion to Extend Deadline." ECF No. 145, PageID.2293. The motion explained that Pompy's counsel was "diligently analyzing Plaintiff's previous *pro se* pleadings in this action and discussing with Plaintiff the merits of the remaining claims against the remaining Defendants,

5

including whether any remaining claims should be dropped." *Id.*, PageID.2294. The motion did not mention that Pompy's counsel was actually working to resurrect claims against BCBSM that had been dismissed more than two years earlier, with leave to amend denied.

In any event, because counsel had been "away on personal vacation since April 28, 2023," and was "scheduled to return on May 29, 2023," he requested an extension of time. *Id.* Counsel for the then-remaining Defendants all agreed to the requested extension. *Id.*, Page ID.2294-2295.

**E.    Without leave to do so or BCBSM's consent, Pompy and IPMA filed a Second Amended Complaint seeking to resurrect the claims against BCBSM that had been previously dismissed.**

On June 9, 2023, Pompy and IPMA filed a Second Amended Complaint asserting four claims against BCBSM: conspiracy in violation of 18 U.S.C. § 1962(d) (Count I) (ECF No. 146, PageID.2309); racketeering in violation of 18 U.S.C. § 1962(c) (Count II) (*id.*, PageID.2325); breach of contract (Count V) (*id.*, PageID.2344); and tortious interference with business relationships (Count VI) (*id.*, PageID.2348). Counts I and II are brought by IPMA, and Counts V and VI by both IPMA and Pompy.

While now stated with more specificity, these claims are for all intents and purposes the same as the claims for "intentional tor[t]," "breach of contract," "conspiracy," and "RICO" that Pompy previously asserted and that the Court

6

already dismissed, with leave to amend denied. These are also the exact same claims that IPMA alleged before being dismissed as a Plaintiff because it did not have counsel. Yet Pompy and IPMA did not seek leave to amend, or BCBSM's consent, for the purpose of resurrecting these previously-dismissed claims or otherwise bringing BCBSM back into the case.

## III.   <u>ARGUMENT</u>

### A.   Rule 12(f) authorizes the striking of claims filed without leave to amend or consent.

Rule 12(f) of the Federal Rules of Civil Procedure authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). This Court has observed that although "the action of striking a pleading should be used sparingly by the courts," they have "liberal discretion to strike inappropriate filings." *Sheets v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10837, 2014 WL 5499382, at *1 (E.D. Mich. Oct. 30, 2014). This includes amended complaints filed "without leave of the Court or . . . written consent" in accordance with Rule 15. *Id.*; *see also Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *7 (E.D. Mich. Mar. 21, 2022) (granting motion to strike unauthorized amended complaint).

**B.** **The Court should strike the claims in the Second Amended Complaint relating to BCBSM because the Court's grant of leave did not authorize previously-dismissed claims against BCBSM to be re-asserted, and BCBSM did not consent.**

Here, the Court did grant leave to amend, but the Court's April 4, 2023 order, fairly read, only permitted Pompy to refine his allegations and claims against the then-remaining Defendants, not resurrect the claims against BCBSM that had already been dismissed—whether by Pompy himself or his medical practice, IPMA.  There are at least two reasons why this is so.

*First*, the Court specifically cited the existing Defendants' agreement that an amended complaint would be "prudent or helpful." ECF No. 143, PageID.2291. The Court's order did not mention BCBSM, let alone suggest that it was permitting BCBSM to be brought back into the case after more than two years and be subject to claims either by Pompy or IPMA.  Moreover, the Court ordered "the parties" to "discuss future deadlines" before the next status and scheduling conference, which the Court set for May 31, 2023.  *Id.*  That instruction only makes sense in reference to existing "parties" (Pompy's counsel never reached out to BCBSM's counsel; and neither did counsel for the existing Defendants).

*Second*, not only had Pompy's conspiracy, racketeering, and tort claims against BCBSM already been dismissed with prejudice (ECF No. 105, PageID.1612-1616), but the Court denied Pompy's request for leave to amend with respect to those claims, specifically citing the futility of seeking to include

"previously-dismissed defendants." ECF No. 137, PageID.2263. While Pompy's breach of contract claim was dismissed *without* prejudice, it was because the Court found that it lacked subject-matter jurisdiction.  ECF No. 105, PageID.1616. The Court no more has jurisdiction over that claim now than it did then.

Applying Rule 12(f), courts in the Sixth Circuit have struck amended complaints to the extent they exceeded the scope of the leave granted. For example, in *Helms v. Nationwide Ins. Co. of Am*., 280 F.R.D. 354 (S.D. Ohio 2012), the court held that the plaintiff's amended complaint was "subject to being stricken because the new allegations and claim against Nationwide clearly exceed[ed] any permissible bounds of the Court's prior grant of Plaintiffs' oral motion to amend his complaint." *Id*. at 362. *See also In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009) ("[T]he Court finds that the new causes of action must be stricken because their inclusion in the TAC far exceeded the scope of leave granted by the Court . . . .").

The same result should obtain here.  At the time the Court granted Pompy leave to amend his complaint, BCBSM had long been dismissed from the case. The Court's comments in its April 4, 2023 order that it was granting leave to amend because "each defendant agree[d] that it would be prudent or helpful to do so" cannot reasonably be read as a grant of leave to re-assert previously-dismissed

claims against BCBSM, particularly when Pompy's prior request for leave to amend had been denied. ECF No. 137, PageID.2263.

Finally, while IPMA's own identical claims were dismissed without prejudice, that did not free up IPMA to simply reassert those claims against BCBSM without seeking leave to amend. *Cf. MRP Properties, LLC v. United States*, 308 F. Supp. 3d 916, 938 (E.D. Mich. 2018) (dismissing amended complaint without prejudice subject to the plaintiff seeking leave to further amend).  The claims against BCBSM in the Second Amended Complaint, whether asserted by Pompy or IPMA, should therefore be stricken.

## IV.   <u>CONCLUSION</u>

For all of these reasons, BCBSM respectfully requests that the Court grant its motion to strike, and that the claims asserted against BCBSM in the Second Amended Complaint be stricken.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:  <u>*/s/ Scott R. Knapp*</u>
    Scott R. Knapp (P61041)
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 487-4762
sknapp@dickinsonwright.com

Phillip J. DeRosier (P55595)
500 Woodward Avenue, Suite 500
Detroit, MI 48226

10

(313) 223-3500
pderosier@dickinsonwright.com

*Attorneys for Defendant Blue Cross Blue Shield of Michigan*

Dated:  July 21, 2023

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 21, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Scott R. Knapp*
Scott R. Knapp (P61041)
