UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LESLY POMPY, and INTERVENTIONAL PAIN MANAGEMENT ASSOCIATES, P.C., <br><br> Plaintiffs, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF MICHIGAN, MARC MOORE, and BRIAN BISHOP, <br><br> Defendants. | No. 2:19-cv-10334 <br><br> LAWSON, J. <br> PATTI, M.J. |

**PLAINTIFFS' RESPONSE TO
[155] DEFENDANT BCBSM'S MOTION TO STRIKE
[146] SECOND AMENDED COMPLAINT**

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................. II

COUNTERSTATEMENT OF QUESTION PRESENTED .............. IV

CONTROLLING OR MOST APPROPRIATE AUTHORITY ........... V

INTRODUCTION ........................................................... 1

BACKGROUND .............................................................. 2

LEGAL STANDARD ........................................................ 4

ARGUMENT .................................................................. 4

    I.    The order granting leave was broad enough to authorize repleading claims against BCBSM ...................... 4

    II.    BCBSM's real objection is this: it believes it is "out" of the case and shouldn't have to respond to a new pleading without an order expressly directing to do so. But, absent a final order, it is still "in" the case ............... 9

    III.    BCBSM's passing argument that the Court lacks jurisdiction over Dr. Pompy's contract claim is without merit ................................................................. 10

    IV.    Should the Court be inclined to grant BCBSM's motion, it should do so without prejudice to Plaintiffs' planned motion to amend the SAC, which will, as a precaution, include a cross-motion for leave to amend .................................................................. 11

CONCLUSION ............................................................... 12

# INDEX OF AUTHORITIES

*Cases*

*Blair v. Comprehensive Healthcare Mgmt. Serv., LLC*,
   No. 2:18-cv-00254; 2021 WL 3855931 (W.D. Penn. Aug. 27, 2021) ... 9, 10

*Brown & Williamson Tobacco Corp. v. United States*,
   201 F.2d 819 (6th Cir.1953) ................................................................. 4

*Encino Motorcars, LLC v. Navarro*,
   138 S. Ct. 1134 (2018) .......................................................................... 5

*Erickson v. Pardus*,
   551 U.S. 89 (2007) ................................................................................ 8

*Helms v. Nationwide Ins. Co. of Am.*,
   280 F.R.D. 354 (S.D. Ohio 2012) ......................................................... 6

*In re Keithley Instruments Derivative Litig.*,
   599 F. Supp. 2d 908 (N.D. Ohio 2009) .............................................. 6, 7

*Morawski v. U.S. Dept. of Agric.*,
   No. 2:09-cv-14568, 2010 WL 2663201 (E.D. Mich. Jul. 2, 2010) ........ 8

*MRP Props., LLC v. United States*,
   308 F. Supp. 3d 916 (E.D. Mich. 2018) ............................................ 6, 8

*Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*,
   783 F.3d 1045 (6th Cir. 2015) .............................................................. 4

*Se. Penn. Transp. Auth. v. Orrstown Fin. Serv., Inc.*,
   335 F.R.D. 54 (M.D. Penn. 2020) ........................................................ 9

*Sheets v. U.S. Bank*,
   No. 14-cv-10837; 2014 WL 5499382 (E.D. Mich. Oct. 30, 2014) ...... 11

*Rules*

E.D. Mich. R. 7.1 .......................................................................................... 11

Fed. R. Civ. P. 15 ................................................................................... 5

Fed. R. Civ. P. 54 ................................................................................... 9

## COUNTERSTATEMENT OF
## QUESTION PRESENTED

    1.    Defendant Blue Cross Blue Shield of Michigan ("BCBSM") has moved to strike the allegations and claims against it in the Second Amended Complaint, contending that it did not consent to the amendment and that the Court did not grant leave to amend. The Court did, however, rule that counsel appearing for the *pro se* plaintiff could file an amended complaint, and the order authorizing that action did not condition or otherwise limit the scope of the amendment. Under those circumstances, should the Court exercise its discretion to strike the allegations and claims against BCBSM or require it to answer the new pleading?

    2.    If the Court grants the motion, should it do so without prejudice to the filing of a forthcoming motion that will seek leave to amend?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 15(a)

*Blair v. Comprehensive Healthcare Mgmt. Serv., LLC*,
  No. 2:18-cv-00254; 2021 WL 3855931 (W.D. Penn. Aug. 27, 2021)

*Se. Penn. Transp. Auth. v. Orrstown Fin. Serv., Inc.*,
  335 F.R.D. 54 (M.D. Penn. 2020)

Plaintiffs Lesly Pompy and Interventional Pain Management Associates, P.C. ("IPMA"), submit this opposition to BCBSM's motion to strike the Second Amended Complaint ("SAC"). ECF No. 155, PageID.2581–98.

## INTRODUCTION

As the Court knows, when Plaintiffs first filed this civil action, Dr. Pompy was under indictment for unlawful distribution of prescription drugs and healthcare fraud. The Court stayed this action pending the disposition of the criminal case. It lifted the stay after Dr. Pompy was acquitted of all charges. At that time, the Court granted leave to amend if he could retain counsel.

For the first time in over six years, Plaintiffs can afford civil counsel to prosecute their claims. Their bank accounts were seized as an overt act in furtherance of the conspiracy now charged against BCBSM in the SAC. After Dr. Pompy was acquitted, the funds were released, allowing for the retention of counsel.

Having now retained counsel, Plaintiffs have done what the Court authorized: they filed an amended complaint. Rather than answer the new complaint or otherwise test it through a Rule 12(b) motion, BCBSM asks the Court to strike the allegations claims against it, contending that the scope of leave granted did not extend to renewing claims against a previously dismissed defendant.

Plaintiffs reasonably interpreted the order granting leave to amend as allowing them to bring any claims not dismissed with prejudice. Nothing in

the order granting leave limited the claims that Plaintiffs could assert or parties who could be named in the SAC. Should the Court disagree, however, then it should grant the motion without prejudice to Plaintiffs seeking leave. In fact, so as to avoid delay, Plaintiffs intend to file a precautionary cross-motion for leave in conjunction with a forthcoming motion to vacate, regarding which the parties have already held a concurrence conference.

## BACKGROUND

In June 2018, Dr. Pompy was charged with 37 counts of unlawfully distributing prescription drugs and healthcare fraud. He steadfastly maintained his innocence, and a jury of his peers acquitted him on all counts. *United States v. Pompy*, No. 2:18-cr-20454 PageID.1901–1906.

In February 2019, Dr. Pompy filed this action while the criminal case was pending, looking to hold accountable those who had unfairly destroyed his life and harmed the lives of his patients, including BCBSM. ECF No. 1-1. He sued in his own name and in the name of his medical practice, IPMA.

At the outset, Dr. Pompy appreciated that he lacked the "required knowledge and legal education to handle the complexity of the pleadings in the instant matter, particularly for his claims for … violation of RICO." ECF No. 1-1, PageID.179, at ¶D. The Court, presumably unaware of this request buried 179 pages into a *pro se* pleading, did not appoint counsel. Rather, seeing a layman representing a company and knowing that to be impermissible, the Court ordered Dr. Pompy to show cause why IPMA's claims should not be dismissed for want of legal representation. ECF No. 23, PageID.416–417.

Dr. Pompy being unable to hire counsel because his funds and those of IPMA had been seized on account of the conspiracy alleged in the SAC, the Court dismissed IPMA's claims without prejudice. ECF No. 32, PageID.515–516. Dr. Pompy thereafter proceeded *pro se* on his personal claims until recently.

A few months after dismissing IPMA's claims *without* prejudice, the Court dismissed *with* prejudice most of Dr. Pompy's personal claims against BCBSM, almost entirely because of deficient pro se pleadings. ECF No. 105, PageID.1612–16. The Court dismissed without prejudice Dr. Pompy's contract claim against BCBSM for want of jurisdiction. ECF No. 105, PageID.1614–1616.

On April 15, 2022, the Court stayed this action, pending the outcome of the criminal trial. ECF No. 137, PageID.2264–65.

On April 4, 2023, nearly a full year later and after Dr. Pompy was fully acquitted, the Court lifted the stay and granted leave to file an amended complaint if Dr. Pompy retained counsel. ECF No. 143, PageID.2290–2291. Nothing in that order conditioned or otherwise limited the scope of the leave granted to amend the complaint. Counsel appeared on April 17, 2023. ECF No. 144, PageID.2292. Within the extended time allowed, ECF No. 145, PageID.2293–97, Plaintiffs filed the SAC.

As to Dr. Pompy, the SAC organized and clarified the pleadings, reduced the number of claims, eliminated claims against two of the then-named defendants, and restored state-law claims against BCBSM.

- 3 -

As to IPMA, the SAC reasserts civil RICO and other claims against BCBSM and Marc Moore.

## LEGAL STANDARD

Motions to strike "are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Striking pleadings is considered a drastic remedy to be used sparingly and only when the purposes of justice so require. *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953).

## ARGUMENT

### I. The order granting leave was broad enough to authorize repleading claims against BCBSM.

BCBSM contends the Court should strike the allegations and claims against BCBSM because Plaintiffs did not first seek leave to replead claims against it. Yet the Court expressly granted leave for retained counsel to file an amended complaint. ECF No. 143, PageID.2291. Nothing in Judge Patti's order conditioned leave to amend on the identity of the parties or the nature of the claims or pleaded. Counsel reasonably interpreted the order to broadly authorize an amended complaint to bring any claims not dismissed *with* prejudice. This is reflected in how the SAC is pleaded. Recall that the Court previously dismissed Dr. Pompy's RICO claims with prejudice but dismissed IPMA's RICO claims without prejudice. Accordingly, only IPMA is currently a party to the RICO claims in Counts 1 and 2, even though the allegations in

- 4 -

those claims apply equally to both Plaintiffs. That's why Dr. Pompy will be moving to vacate the earlier dismissal of his RICO claims with prejudice and seeking leave to join the pending RICO claims asserted by IPMA. See Argument IV, *infra*.

Other defense counsel (the "ODCs") agreed it would be "prudent or helpful" for retained counsel to file an amended complaint, and that they could not consent for BCBSM under Rule 15(a). BCBSM believes this means the SAC can only relate to the ODCs' clients. But their consent as to their clients doesn't change how the order should be interpreted. Under Rule 15(a), "a party may amend its pleading only with the opposing party's written consent *or the court's leave*." Fed. R. Civ. P. 15(a)(2) (emphasis added). "'Or' is almost always disjunctive." *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1141 (2018). The ODCs' consent was, at best, supplementary. Even if they had opposed such relief, Judge Patti would have still possessed the power to grant leave, and there is no indication in the order that it would have denied leave but for their consent.

BCBSM also points to a clause in a stipulated motion to extend the deadline to file the SAC, but its reliance on that clause is likewise misplaced. ECF No. 155, PageID.2592–2593. In that motion, counsel noted that they had been "diligently analyzing Plaintiff's previous pro se pleadings in this action and discussing with Plaintiff the merits of the remaining claims against the remaining Defendants, including whether any remaining claims should be dropped." ECF No. 145, PageID.2294, at ¶3. That representation, however,

does not say that counsel had ruled out claims for IPMA, was foregoing any claims against BCBSM, or otherwise interpreted the order granting leave as forbidding amendments against BCBSM. It was offered solely as assurance to the Court that counsel had been diligently reviewing the file and working to meet the filing deadline, even while away on a family vacation (his first in four years). ECF No. 145, PageID.2294, at ¶¶3–5. The Court should decline BCBSM's invitation to stretch a good-faith assurance of diligence into a concession on the scope of leave granted.

Apart from its reliance on those two points in the record, BCBSM relies chiefly on *Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354 (S.D. Ohio 2012), *In re Keithley Instruments Derivative Litig.*, 599 F. Supp. 2d 908 (N.D. Ohio 2009), and *MRP Props., LLC v. United States*, 308 F. Supp. 3d 916 (E.D. Mich. 2018)—none of which involved pro se plaintiffs. All three cases are inapposite here.

In *Helms*, plaintiff's counsel made a limited request for leave to add a specific claim against specific existing party. The court granted leave based on that request, but counsel proceeded to add claims against a different party and failed to add the very claim for which it had sought leave. *Helms*, 280 F.R.D. at 359. Although there was no written order entered in that case, there was no question in magistrate judge's mind regarding the scope of leave requested, regarding the scope of leave granted, or that counsel was playing fast and loose with the court. That is not the case here. We have a written order, it is broad in scope, and, on information and belief, Dr. Pompy made a

general request for leave to amend, not a limited one like the plaintiff's attorney in *Helms*.

Similarly, and in marked contrast to the general grant of leave to amend in Judge Patti's order, the court in *Keithley Instruments* gave specific instructions when granting limited leave to amend to assert new facts:

> [T]he Court grants leave to amend. However, leave to amend is limited to Plaintiffs' assert of new facts, to the extent any such facts are known to Plaintiffs and can be alleged in good faith, which would allow the assertion of claims against a member of the Demand Board that are not time-barred under the Court's analysis and would arguably lead to a substantial likelihood of liability on the part of the director so implicated.

*In re Keithley Instruments Derivative Litig.*, No. 1:06-cv-2171 (N.D. Ohio), ECF No. 74, PageID.1898. In striking the amendment, the court rule that counsel had, contrary to its order, "reformulate[d] the complaint, change[d] the basis for the court's jurisdiction, and assert[ed] new theories of liability based upon the same set of facts." *In re Keithley Instruments Derivative Litig.*, 599 F. Supp. 2d, at 912. The court further observed it was "not a case, such as those involving pro se litigants, where pleading amendments are entitled to a generous helping of liberality; far from it. Plaintiffs are represented by highly sophisticated counsel, and certainly could have requested more expansive leave[.]" *Id.* at 914.

Here, of course, Dr. Pompy was still representing himself *pro se* when Judge Patti granted leave. See ECF No. 143, PageID.2290. And, in contrast

- 7 -

to the "highly sophisticated counsel" in *Keithley Instruments*, Dr. Pompy lacked the legal acumen to articulate his requested leave to amend or to ask Judge Patti to clarify the scope of leave granted and whether there were any conditions on the content of the SAC.

Moreover, the SAC is Plaintiffs' first pleading prepared with the assistance of counsel that asserts streamlined claims against a targeted number of defendants. "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," and a "pro se litigant's papers are to be construed liberally." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); see also *Morawski v. U.S. Dept. of Agric.*, No. 2:09-cv-14568, 2010 WL 2663201, at *5 (E.D. Mich. Jul. 2, 2010) (Lawson, J.). The Court should not punish Plaintiffs for being unable to hire counsel when their funds were seized by the Government on account of the overt acts alleged to have been taken by BCBSM and Moore in furtherance of the claimed conspiracy by procedurally striking their claims without addressing them on the merits.

Finally, *MRP Props.* is likewise inapposite. There, the Court dismissed a legally insufficient complaint without prejudice and noted that the plaintiffs could file a motion for leave to amend because the deficiencies could potentially be cured. It noted that the plaintiff had asked for leave to amend in their response brief and observed that Local Rule 15.1 prohibits such practice; a party must file a separate motion and a copy of the proposed pleading. *MRP Props.*, 308 F. Supp. 3d, at 938–939. Here, Judge Patti's order obviated the need to file a motion.

- 8 -

**II.    BCBSM's real objection is this: it believes it is "out" of the case and shouldn't have to respond to a new pleading without an order expressly directing to do so. But, absent a final order, it is still "in" the case.**

In multidefendant cases like this one, a dismissal against some but not all defendants is not a final order unless the district court certifies the dismissal as a final order for appeal purposes. Fed. R. Civ. P. 54(b). The Court did not make that certification when dismissing Plaintiffs' claims against BCBSM. ECF No. 32, PageID.517; ECF No. 105, PageID.1617–1618.

Absent a final order, caselaw supports plaintiffs reasserting claims against dismissed defendants in existing litigation through amended pleadings. In *Se. Penn. Transp. Auth. v. Orrstown Fin. Serv., Inc.*, 335 F.R.D. 54 (M.D. Penn. 2020) ("*SEPTA*"), the district court ruled that plaintiff could reassert claims against previously dismissed parties, rejecting the defendants' argument that they have been "non-parties" since that dismissal order. *Id.* at 64 (noting the objection to "bring[ing] back the parties dismissed by [an earlier order]"), at 69 (noting the plaintiff's position that the previous dismissal was not a final order under Rule 54(b)), at 73–74 (holding that Rule 15(a) applies to reasserting previously dismissed claims against previously dismissed parties in a subsequent amended pleading). Granted, *SEPTA* involved an affirmative motion for leave to amend, but no motion was required here because Judge Patti granted leave to file an amended complaint.

Similarly, in *Blair v. Comprehensive Healthcare Mgmt. Serv., LLC*, No. 2:18-cv-00254; 2021 WL 3855931 (W.D. Penn. Aug. 27, 2021), the plaintiffs sought to re-assert the same claims against two defendants who earlier had

been voluntarily dismissed without prejudice. Other defendants remained and Rule 54(b) order had been entered in the case. *Id.* at *1, *3. The court, relying in part on *SEPTA*, ruled that "a party previously voluntarily dismissed without prejudice in the same fashion remains a party to the action from the time the previously dismissed claims were initially brought." *Id.* at *6.

### III.   BCBSM's passing argument that the Court lacks jurisdiction over Dr. Pompy's contract claim is without merit.

BCBSM contends that "[t]he Court no more has jurisdiction over [Dr. Pompy's contract claim] now than it did [when it dismissed the claim without prejudice]." ECF No. 155, PageID.2596. When dismissing the contract claim, the Court noted that Dr. Pompy and BCBSM are not diverse parties and there was no other basis for federal jurisdiction. ECF No. 105, PageID.1616. Yet the Court so ruled because it was not persuaded, based on the difficult-to-decipher *pro se* complaint, that the facts giving rise to the contract claim were sufficiently related to Dr. Pompy's other claims to give rise to supplemental jurisdiction. *Ibid.* The SAC now alleges the existence of federal-question jurisdiction and clarifies that the facts giving rise to the contract claim are sufficiently related to those federal claims to allow for the exercise of supplemental jurisdiction. These are, however, issues better addressed in a motion under Rule 12(b)(1), not based on a single sentence in BCBSM's brief that offers no legal analysis on the jurisdictional question.

**IV. Should the Court be inclined to grant BCBSM's motion, it should do so without prejudice to Plaintiffs' planned motion to amend the SAC, which will, as a precaution, include a cross-motion for leave to amend.**

In *Sheets v. U.S. Bank*, No. 14-cv-10837; 2014 WL 5499382 (E.D. Mich. Oct. 30, 2014)—a case BCBSM cites for the general proposition that a court may strike an amended pleading that does not conform to the requirements of Rule 15(a)—Plaintiffs note that the court struck the nonconforming amendment without prejudice to filing a motion to amend. *Id.* at *2.

As noted earlier, Dr. Pompy intends to file a motion to vacate the dismissal of his RICO claims against BCBSM with prejudice and for leave to file a third amended complaint adding him as a party to SAC Counts 1 and 2. Plaintiffs counsel has already held a concurrence conference with BCBSM's attorney regarding that planned motion. During that conference, BCBSM separately sought concurrence on its motion to strike. Counsel noted in response that Plaintiffs respectfully disagreed with BCBSM's interpretation of Judge Patti's order but would move for leave in response. Plaintiffs cannot do so in this brief, E.D. Mich. R. 7.1(i), which is why a separate motion is forthcoming.

///
///
///
///
///
///
///

## CONCLUSION

For these reasons, the Court should deny BCBSM's motion to strike. In the alternative, it should grant the motion without prejudice to Plaintiffs' forthcoming cross-motion to vacate the earlier dismissal and for leave to amend.

Respectfully submitted,

∞ BUTZEL

Dated: August 4, 2023

/s/ *Joseph E. Richotte*

JOSEPH E. RICHOTTE (P70902)
STEVEN R. EATHERLY (P81180)
Columbia Center
201 W. Big Beaver Rd. #1200
Troy, MI 48084
(248) 258-1616
richotte@butzel.com
eatherly@butzel.com
*Counsel for Dr. Lesly Pompy and IPMA*

100373129.1