# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LESLY POMPY,

       Plaintiff,

v.

MONROE BANK AND TRUST,
et al.,

       Defendants.

Case No.: 2:19-cv-10334

David M. Lawson
United States District Judge

_____/

**REPLY BRIEF IN SUPPORT OF DEFENDANT BLUE CROSS BLUE SHIELD OF MICHIGAN'S MOTION TO STRIKE [ECF NO. 155]**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT..........................................................................................................1

    A. The Court has ample discretion to strike claims and allegations that exceed the scope of leave to amend granted. ..................................1

    B. The Court's order granting leave to amend was narrow in scope, and Plaintiffs exceeded it. .........................................................3

III. CONCLUSION......................................................................................................4

I.     **INTRODUCTION**

The crux of Plaintiffs' response to BCBSM's motion to strike is that they "reasonably interpreted" the Court's order granting leave to amend as permitting them to resurrect previously-dismissed claims against BCBSM. ECF No. 159, PageID.2717. This despite the fact that BCBSM did not even participate in the April 3, 2023 status conference at which leave to amend was discussed (because it had already been dismissed from the case). Nor did IPMA, which still was not represented by counsel at the time and thus could not conceivably have sought or been granted leave to amend to do *anything*, let alone seek to bring BCBSM back into the case. The Court should therefore strike the allegations and claims against BCBSM in the Second Amended Complaint.

II.     **ARGUMENT**

A.     **The Court has ample discretion to strike claims and allegations that exceed the scope of leave to amend granted.**

As an initial matter, the Court has ample discretion to strike the claims and allegations against BCBSM as exceeding the scope of the leave to amend that was granted. In stressing the striking of pleadings as a "drastic remedy," Plaintiffs cite cases addressing the circumstances under which a court may strike affirmative defenses as either being "insufficient" or having "no relation to the controversy." *See Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F. 3d 1045, 1055 (6th Cir. 2015); *Brown & Williamson Tobacco Corp. v. United*

*States*, 201 F. 2d 819, 822 (6th Cir. 1953). In that situation, a motion to strike *should* be "sparingly" granted, as it is intended to remove issues from the case without factual development. *See Brown*, 201 F.2d at 822 ("Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts.").

This case is different. As discussed in BCBSM's motion (ECF No. 155, PageID.2594-2596), when a plaintiff files a pleading that is wholly unauthorized, the appropriate remedy is to strike it. *See Sweigert v. Cable News Network, Inc.*, No. 20-CV-12933, 2022 WL 842322, at *7 (E.D. Mich. Mar. 21, 2022); *Sheets v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10837, 2014 WL 5499382, at *1 (E.D. Mich. Oct. 30, 2014). This includes claims and allegations that exceed the scope of an order granting leave to amend. *See Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354 (S.D. Ohio 2012); *In re Keithley Instruments, Inc., Derivative Litig.*, 599 F. Supp. 2d 908, 913 (N.D. Ohio 2009).[1]

---

[1] Plaintiffs seek to distinguish these cases, but their effort is unavailing. First, the fact that the plaintiffs in *Helms* and *Keithley* were not *pro se* is irrelevant. Plaintiffs either had leave to amend to add claims and allegations against BCBSM or they did not. Second, while the circumstances in *Helms* and *Keithley* may have been more egregious, that does not somehow diminish Plaintiffs' own lack of leave to amend here.

2

### B. The Court's order granting leave to amend was narrow in scope, and Plaintiffs exceeded it.

Plaintiffs argue that the Court's order granting leave to amend was broad enough to encompass resurrecting previously-dismissed claims brought against BCBSM, but such an assertion cannot be squared with the circumstances under which leave to amend was granted here.

Pompy appeared *pro se* at the April 3, 2023 status conference at which leave to amend was addressed, along with counsel for the then-remaining Defendants. BCBSM's counsel did not participate, because there was no reason to do so: BCBSM had already been dismissed from the case for more than two years. IPMA was not represented at the status conference either, as no attorney had yet filed an appearance on its behalf, and the Court had already ruled that it could not "proceed in any fashion without representation by counsel." ECF No. 32, PageID.516. In granting Pompy (and only Pompy) leave to amend, the Court made no mention of BCBSM, and specifically cited the existing Defendants' agreement that an amended complaint would be "prudent or helpful." ECF No. 143, PageID.2291.

As a result, the Court's April 4, 2023 grant of leave to amend necessarily related only to the Defendants then-remaining in the case. Despite Plaintiffs' assertions, those Defendants' consent to amendment was not just "supplementary" (ECF No. 159, PageID.2718); it was the *only* cited basis for the grant of leave to amend. And under no stretch could it be said that leave to amend was granted to

3

IPMA. Again, IPMA was not represented by counsel at the status conference, and the Court's order granting leave to amend only referenced Pompy, who was the only "Plaintiff" in the case at the time. *See* ECF No. 143, PageID.2290. Not only that, the Court's order made no mention of BCBSM, which again had already been dismissed from the case and so was not represented at the status conference either. Thus, BCBSM was not even aware of Pompy's request to amend, let alone provided with an opportunity to address it.

In short, nothing about the Court's grant of leave to Pompy to file an amended complaint, under the circumstances that existed at the time, suggested any intention that it authorized BCBSM being brought back into the case, whether by Pompy or IPMA.

### III.  CONCLUSION

For these reasons, and as further discussed in BCBSM's principal brief, BCBSM respectfully requests that the Court grant its motion to strike, and that the claims asserted against BCBSM in the Second Amended Complaint be stricken.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Scott R. Knapp*
    Scott R. Knapp (P61041)
123 W. Allegan Street, Suite 900
Lansing, MI  48933
(517) 487-4762
sknapp@dickinsonwright.com

4

                                        Phillip J. DeRosier (P55595)
                                        500 Woodward Avenue, Suite 500
                                        Detroit, MI 48226
                                        (313) 223-3500
                                        pderosier@dickinsonwright.com

                                        *Attorneys for Defendant Blue Cross Blue Shield of Michigan*

Dated:  August 11, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

*/s/ Scott R. Knapp*
Scott R. Knapp (P61041)
