UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LESLY POMPY, and
INTERVENTIONAL PAIN
MANAGEMENT ASSOCIATES,
P.C.,

    Plaintiffs,

v

BLUE CROSS BLUE SHIELD OF
MICHIGAN, MARC MOORE, and
BRIAN BISHOP,

    Defendants.

No. 2:19-CV-10334

HON. DAVID M. LAWSON

MAG. ANTHONY P. PATTI

**DEFENDANT MARC MOORE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS IN LIEU OF AN ANSWER**

_____/

**Joseph E. Richotte (P70902)**
**Steven R. Eatherly (P81180)**
Attorney for Plaintiff, Lesly Pompy, MD and
Interventional Pain Management
Associates, PC
Butzel Long, PC.
Columbia Center
201 W. Big Beaver Rd., #1200
Troy, MI  48084
248.258.1407
richotte@butzel.com
eatherly@butzel.com

**Bradley Darling (P63176)**
U.S. Department of Justice
Attorney for Defendant Bishop
211 W. Fort Street, Suite 2001
Detroit, MI  48226
313.226.9137
bradley.darling@usdoj.gov

**Kyla Barranco (P81082)**
**Assistant Attorney General**
**Mark E. Donnelly (P39281)**
**Special Assistant Attorney General**
Attorneys for Defendant Moore
State Operations Division
P.O. Box 30754
Lansing, MI  48909
517-335-7573
barrancok@michigan.gov
donnellym@michigan.gov

**Phillip J. DeRosier (P55595)**
**Samantha A. Pattwell (P76564)**
**Scott R. Knapp (P61041)**
**Dickinson Wright, PLLC**
Attorneys for Blue Cross Defendants
215 S. Washington Square, Suite 200
Lansing, MI 48933
517-487-4776 / Fax 517-487-4700
SPattwel@dickinsonwright.com
sknapp@dickinsonwright.com
pderosier@dickinsonwright.com

_____/

# DEFENDANT MARC MOORE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS IN LIEU OF AN ANSWER

Kyla L. Barranco
Assistant Attorney General

Mark E. Donnelly
Special Ass't Attorney General

Attorneys for Defendant Moore
MI Dep't of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573

Dated: September 8, 2023

## ARGUMENT

**I.     Plaintiffs' claims should be dismissed.**

Plaintiffs' complaint alleges five claims against Moore, spanning from purported RICO and federal constitutional violations to a state-law tortious interference with a business relationship claim. For the reasons stated in Moore's principal brief, each of these claims should be dismissed. But three points made by Plaintiffs merit additional discussion. First, contrary to IPMA's assertions, a RICO claim predicated on a violation of 18 U.S.C. § 1344(2) (bank fraud) may only be maintained by a financial institution. Second, regardless of whether the Fourth Amendment claim is premised on supervisor liability or Moore's own conduct, any alleged false, misleading, or omitted information was not material to a finding a probable cause, which defeats the claim. Third, IPMA's asserted basis for equitable tolling—its inability to afford an attorney—finds no footing in caselaw.

For these reasons and those stated in Moore's principal brief, this case should be dismissed.

### A. IPMA does not have standing to assert a RICO claim premised on a violation of § 1344(2).

On PageID.2803–06, IPMA asserts that non-financial institutions may maintain RICO claim premised on § 1344(2), which provides as follows:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice--
>
> \*\*\*
>
> (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> Shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.  [18 U.S.C. § 1344(2).]

Caselaw demonstrates otherwise.

For example, in *Bressner v. Ambroziak*, the Seventh Circuit explained that "the bank fraud statute"—and not just § 1344(1) of the bank fraud statute—"is designed to protect banks."  379 F.3d 478, 482 (7th Cir. 2004).  Other courts have held similarly.  In *United States v. Davis*, the Fifth Circuit, in analyzing § 1344 generally, opined that "[t]hat the victim must be a statutorily defined financial institution . . . is 'not only an essential element of the bank fraud crime, but . . . also necessary for the establishment of federal jurisdiction.'"  735 F.3d 194,

2

198 (5th Cir. 2013) (quoting *United States v. Sanders*, 343 F.3d 511, 516 (5th Cir. 2003)). In *United States v. Banyan*, the Sixth Circuit held, in analyzing a criminal conviction under § 1344(2), that "the government need[s] to prove[ ] . . . that . . . defendants intended to obtain bank property, rather than the property of the mortgage companies[.]" 933 F.3d 548, (6th Cir. 2019). And in *United States v. Nicoletti*, this Court explained that § 1344(2) "requires that the [bad actor] engage[d] in a pattern or course of conduct designed to deceive *a federally chartered or insured financial institution* into releasing property, with the intent to victimize *the institution* by exposing it to actual or potential loss." No. 15-20382, 2020 WL 2933359, at *3 (E.D. Mich. June 3, 2020) (quoting *United States v. Brandon*, 17 F.3d 409, 424 (1st Cir. 1994)) (emphasis added). Thus, this caselaw makes clear that IMPA cannot maintain its claim against Moore, who in undoubtedly not a financial institution.

This line of cases also raises an additional problem. To maintain a claim under § 1344(2), a plaintiff needs to show not only that the defendant is a financial institution, but also that it is an FDIC-insured financial institution. *Loughrin v. United States*, 573 U.S. 351, 366 (2014) ("[T]he text of § 1344(2) already limits its scope to deceptions

3

that have some real connection to a federally insured bank, and this implicate the pertinent federal interest."); *United States v. Matthews*, 48 F. App'x 168, 170 (6th Cir. 2002) (explaining that § 1344(2) requires a showing that "the bank was insured by the FDIC") (citing *United States v. Everett*, 270 F.3d 986, 989 (6th Cir. 2001)).  While IPMA has alleged that it had accounts with several financial institutions, it makes no attempt to allege that those financial institutions are FDIC insured. (2nd Am Compl, ECF No. 146, PageID.2334, ¶¶ 141–143.)  IPMA's failure to allege this basic element is fatal to its RICO claim.

> **B. Plaintiffs cannot maintain a Fourth Amendment claim because any alleged false, misleading, or omitted information was not material to a finding of probable cause.**

Plaintiffs maintains that because Moore, as a supervisor, purportedly "knew of, consented to, and/or directed the inclusion of the materially false and misleading information and the exclusion of the material omissions alleged in Section A of Count 1 and Section E of Count 2[,]" and thus, has supervisor liability under § 1983.  (ECF No. 166, PageID.2809–10.)  But a supervisor may only be liable under § 1983 where some "execution of the supervisors' job function result[s] in [the p]laintiff's injury." *Gregory v. City of Louisville*, 444 F.3d 725, 752

4

(6th Cir. 2006). As explained in Moore's principal briefing, any alleged false or misleading information in or omissions from the affidavit supporting probable cause were not material to a finding of probable cause. In other words, probable cause existed regardless of whether Moore was the supervisor or the investigator signing the affidavit, and thus, Plaintiffs cannot demonstrate any Fourth Amendment injury arising from that affidavit. *Newman v. Twp. of Hamburg*, 773 F.3d 769, 771–72 (6th Cir. 2014) ("The Fourth Amendment conditions warrants on probable cause and prohibits unreasonable seizures. A police officer violates those restrictions only when his deliberate or reckless falsehoods result in arrest without probable cause."). Dismissal is warranted.

    **C.    IPMA's inability to obtain an attorney is not grounds for equitable tolling.**

IPMA asserts that its claims should be subject to equitable tolling because it could not afford an attorney to bring its claim. But IPMA cites no caselaw indicating that those circumstances justify application of equitable tolling. In fact, in other contexts, courts have held that inability to hire counsel is *not* a basis for equitable tolling. *See Rojas-Marceleno v. Kansas*, 765 F. App'x 428, 433 (10th Cir. 2019) ("[A]

5

petitioner's lack of legal knowledge or inability to afford an attorney generally does not merit equitable tolling."); *Butler v. San Francisco Unified Sch. Dist.,* No. 90–16480, 1992 WL 180214, at *2 (9th Cir. July 29, 1992) (declining to apply equitable tolling doctrine where Title VII plaintiff argued, in part, he lacked financial resources and could not obtain an attorney); *Johnson v. Johnson,* No. 98–10947, 1999 WL 767047, at *1 (5th Cir. Sept. 3, 1999) (declining to apply equitable tolling doctrine for indigent habeas petitioner); *Hannahs v. United States*, 1995 WL 230461, at *3 (W.D. Tenn. Jan. 30, 1995) ("Financial hardship, . . . is not sufficient to warrant equitable tolling of the limitations period . . . ."); *Montoya v. Colorado*, No. 07-cv-01677-BNB, 2007 WL 2757484, at *2 (D. Colo. Sept. 19, 2007) ("Plaintiff's claim of insufficient monies to hire an attorney, presumably in his trial and direct appeal, does not state an extraordinary circumstance that would justify equitable tolling.").

Ultimately, IPMA does not meet its burden of demonstrating that the equitable tolling doctrine—a doctrine the U.S. Supreme Court has explained should be "sparingly[,]" *Nat'l R.R. Passenger Corp. v. Morgan*,

6

536 U.S. 101, 113 (2002)—should apply in this case. Accordingly, IPMA's claims should be dismissed.

## CONCLUSION AND RELIEF REQUESTED

For the reasons stated above and those stated in Defendant Moore's principal brief, this Court should grant Defendant Moore's motion and dismiss Plaintiffs' complaint.

Respectfully submitted,

/s/ *Kyla L. Barranco*
Assistant Attorney General
Attorney for Defendant Moore
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 335-7573
barrancok@michigan.gov
P81082

Dated: September 8, 2023

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on September 8, 2023, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/ *Kyla L. Barranco*
Assistant Attorney General
Attorney for Defendant Moore

2019-0243764-A

7